**Raymond GEBEKE, Plaintiff and Appellant,**

**v.**

**ARTHUR MERCANTILE COMPANY, Fargo Manufacturing Company, Fargo Grain King Company, Dorothy Burgum, Alton Burgum, and Charles Schields, Defendants and Respondents.**

**No. 8289.**

Supreme Court of North Dakota.

Dec. 17, 1965.

Whittlesey, Pancratz & Wold, Fargo, for plaintiff and appellant.

Tenneson, Serkland, Lundberg & Erickson, Fargo, for defendant and respondent Arthur Mercantile Co.

Nilles, Oehlert, Hansen, Selbo & Magill, Fargo, for defendants and respondents Fargo Mfg. Co., Fargo Grain King Co., Dorothy Burgum, Alton Burgum, and Charles Schields.

STRUTZ, Judge.

The plaintiff appeals from orders of the district court of Cass County granting the defendants' motions for summary judgment under Rule 56, North Dakota Rules of Civil Procedure. All of the defendants have moved to dismiss the plaintiff's appeal to this court.

Rule 56(c) provides, in part:

> "* * * Judgment shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. * * *"

The court made its orders granting the defendants' motions for summary judgment dismissing plaintiff's complaint as against all of the defendants, and ordered judgment entered thereon. Thereafter, on May 10, 1965, judgment was entered dismissing the plaintiff's complaint against the defendant Arthur Mercantile Company and, on May 13, 1965, judgment was entered dismissing the plaintiff's complaint against the remaining defendants.

On June 25, 1965, after the entry of summary judgments dismissing the plaintiff's complaint as to all of the defendants, the plaintiff served his notice of appeal in which he appeals to this court—

> "* * * from that certain order of the Honorable Hamilton Englert, Judge of the District Court of Cass County, North Dakota, dated and entered on the 7th day of May, 1965, granting the defendant Arthur Mercantile Company's motion for summary judgment of dismissal of plaintiff's complaint, in that the plaintiff herein appeals from the whole thereof."

He also appeals—

> "* * * from that certain order of the Honorable Hamilton Englert, Judge of the District Court of Cass County, North Dakota, dated May 13, 1965, granting defendants Fargo Manufacturing Company, Fargo Grain King Company, Dorothy Burgum, Alton Burgum and Charles Schields motion for summary judgment of dismissal of plaintiff's complaint and that the plaintiff appeals from the whole thereof."

When the plaintiff appealed from the orders granting defendants' motions for summary judgment, the defendants moved to dismiss such appeal on the ground that the orders appealed from were intermediate orders and not appealable under Section 28–27–02, North Dakota Century Code.

Where an order is made by the court, directing that summary judgment be entered on all issues, the aggrieved party may, on entry of such judgment, proceed with his appeal therefrom. Appeals from orders of the district court, however, are limited to those orders described in Section 28–27–02, North Dakota Century Code.

This court has held that an order for entry of judgment is an intermediate order which requires the entry of judgment to give it effect, and that such order is not appealable. Olness v. Duffy, 49 N.D. 933, 194 N.W. 113; Great Northern Ry. Co. v. Mustad, 76 N.D. 84, 33 N.W.2d 436.

An order for the entry of summary judgment would be regarded in the same light as an order for the entry of judgment. It is an intermediate order, requiring the subsequent entry of judgment to give it effect. While this court has not had before it an appeal from an order for the entry of summary judgment, Minnesota, under a similar statute, has held that such an order is not appealable. See Shema v. Thorpe Bros., 238 Minn. 470, 57 N.W.2d 157; Nelson v. B. & B. Investment Co., 264 Minn. 393, 119 N.W.2d 713. We hold that an order for entry of summary judgment must be treated the same as an order for judgment. It is therefore held to be an intermediate order and is not appealable.

In the case before us, the court specifically directed the entry of judgments in favor of the defendants and against the plaintiff for a dismissal of the plaintiff's complaint. Judgments subsequently were entered on such orders for judgment, as to all of the defendants, and such judgments were entered before the plaintiff took his appeal from the orders for entry of judgment. No appeal having been taken from the judgment in favor of the defendant Arthur Mercantile Company of May 10, 1965, nor from the judgment in favor of the remaining defendants of May 13, 1965, this court is without jurisdiction to proceed further in the matter. The motion of the plaintiff to amend the notice of appeal must therefore be denied and the plaintiff's appeal dismissed.

BURKE, C. J., and TEIGEN, KNUDSON and ERICKSTAD, JJ., concur.