**J. W. GAMBLE, Petitioner-Appellant,**

v.

**Carl THOMAS, Sheriff, and Unknown White Lady Officer, Dallas County, Texas, Respondents-Appellees.**

No. 81-1143

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit A

Aug. 26, 1981.

J. W. Gamble, pro se.

Charles J. Baldree, Asst. Dist. Atty., Dallas, Tex., for respondents-appellees.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff Gamble, a Texas prisoner, filed a timely notice of appeal from dismissal of his federal civil rights complaint, 42 U.S.C. § 1983, and we granted his pro se application for leave to appeal in forma pauperis. Subsequently, after the records and briefs were filed in this court, counsel for the opposing party brought to the notice of this court that Gamble had died on May 27, 1981. Under these circumstances, and where no personal representative has moved to substitute himself as party and no personal representative is shown to have been appointed, Fed.R.App.P. 43(a) provides: "If the deceased party has no representative, any party may suggest the death on the record and proceedings shall then be had as the court of appeals may direct."

Accordingly, we accepted the suggestion of the appellees by their counsel's letter of June 3, 1981, that the appellant Gamble had died. At the direction of the court, the clerk's office then obtained from the Texas Department of Corrections a list of persons that included the names and current addresses of all members of the appellant Gamble's family known to them (which included three children, two sisters, a brother-in-law, and a cousin, as well as friends with whom the decedent had been in correspondence). On July 8, 1981, the clerk's office then wrote each of the individuals so listed, informing them of the pending appeal, and inquiring of them as to whether any personal representative desired to be substituted. We requested that the court be informed by July 28, 1981 as to whether any motion for substitution would be made. No response has been received by this date that indicates that any personal representative or member of the decedent's family desires to prosecute further this appeal.

Fed.R.App.P. 43(a) does not contain any express provision that the appeal shall be dismissed if no motion for substitution is made within a reasonable period to be fixed by the appellate court. However, when no personal representative is known to exist, the rule authorizes that further proceedings "be had as the court of appeal may direct." Rule 43(a) is derived from Fed.R.Civ.P. 25(a). Advisory Committee's Note; 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure, § 3989 (1977). The latter rule, as well as Supreme Court Rule 48(1), expressly authorize the dismissal of the proceedings if substitution is not made within the time set by rule or by order of the court. We deem that Rule 43(a) implies the power to make similar disposition, if the court of appeal so directs.

Accordingly, reasonable efforts having been made to inform known survivors of the decedent of the need for substitution if any of them desire to have the appeal further prosecuted, and no survivor having informed us of any desire to do so, the appeal is DISMISSED. Notice of this action shall be given to all survivors on record with our clerk's office.

APPEAL DISMISSED.