The **FIRST NATIONAL BANK OF HETTINGER**, North Dakota, Plaintiff and Appellee,

v.

Orville **DANGERUD**, Defendant and Appellant,

and

Gerald D. Jacobson, Defendant and Appellee.

Civ. No. 10089.

Supreme Court of North Dakota.

Feb. 18, 1982.

---

Freed, Dynes, Malloy & Reichert, Dickinson, for plaintiff and appellee; argued by George T. Dynes, Dickinson.

Reichert, Howe, Hardy, Galloway & Jorgensen, Dickinson, for defendant and appellant; argued by Donald L. Jorgensen, Dickinson.

Greenwood, Greenwood & Greenwood, Dickinson, for defendant and appellee.

PEDERSON, Justice.

Dangerud appeals from orders granting The First National Bank of Hettinger's motion for summary judgment and denying Dangerud's motion for summary judgment. Rule 56, NDRCivP. First National Bank moved to dismiss the appeal and Dangerud moved to amend the notice of appeal. We deny the motion to amend the notice of appeal, and grant the motion to dismiss the appeal.

This action was brought by First National Bank against Dangerud and Jacobson on two separate promissory notes. The court granted the Bank's motion for summary judgment and, by separate orders, denied the motions of Dangerud and Jacobson for summary judgment. Judgment was thereafter entered.

Jacobson chose not to appeal. Dangerud, however, filed a notice of appeal from each of the two orders issued by the trial court, but not from the judgment entered. Dangerud's notice of appeal states that he appeals:

"... from each of *two orders* dated July 16, 1981, the first order denying Dangerud motion for Summary Judgment, and the second order granting motion for Summary Judgment of the Plaintiff, First National Bank of Hettinger, each of said orders having been entered by the Honorable Norbert J. Muggli, District Judge, Adams County, North Dakota, each of which were entered in the above entitled action, said orders dated and entered in the office and upon the records of the Clerk of the District Court, Adams County, State of North Dakota, with Notice of Entry thereof having been thereafter served on the 25th day of July, 1981, upon counsel for the Defendant and Appellant, Orville Dangerud." [Emphasis added.]

The Bank moved to dismiss the appeal on the ground that this court lacks jurisdiction because Dangerud has failed to take an appeal from the summary judgment, and

that the time for appeal has now elapsed. The Bank contends that Dangerud appealed only from the unappealable order granting the Bank's motion for summary judgment, and the unappealable order denying his motion for summary judgment.

An order for entry of summary judgment must be treated the same as an order for judgment; such order is an intermediate order and is not appealable. *Gebeke v. Arthur Mercantile Company*, 138 N.W.2d 796 (N.D.1965). Where an appeal was taken from orders for entry of summary judgment but no appeal was taken from the judgment in favor of the defendant, we are without jurisdiction to proceed further in the matter. *Gebeke v. Arthur Mercantile Company, supra.* In *Dangerfield v. Markel*, 222 N.W.2d 373, 376 (N.D.1974), this court held:

> "Under another line of cases, relying upon Rule 54(b) of the Rules of Civil Procedure, orders denying or granting summary judgment have been held not appealable."

Dangerud contends that we have previously allowed appeals taken from orders granting or denying judgment. *See Saetz v. Heiser*, 240 N.W.2d 67 (N.D.1976); *Farmers Cooperative Ass'n of Churchs Ferry v. Cole*, 239 N.W.2d 808 (N.D.1976). We allowed the appeals in those instances because of the seeming importance of reaching the merits of those cases. Such a policy is no longer practicable, and the cases cited by Dangerud are of limited value in support of that proposition. *Gebeke v. Arthur Mercantile Company, supra*, is now the rule.

A notice of appeal must be filed in the trial court within 60 days of the date of the service of notice of entry of judgment. Rule 4, NDRAppP. Upon a showing of "excusable neglect," the trial court may extend the time period an additional 30 days. Dangerud's efforts to file an amended notice of appeal were made after the expiration of the 90-day limitation.

"The Rule concerning the time for filing of a notice of appeal is mandatory and jurisdictional." *Cottle v. Kranz*, 231 N.W.2d 777, 779 (N.D.1975).

In this case, the trial court specifically directed the entry of judgment in favor of the Bank and against Dangerud. Judgment was subsequently entered before Dangerud filed a notice of appeal. Because no appeal has been taken from the judgment in favor of the Bank, and because the 90-day limitation set out in Rule 4, NDRAppP, has expired, this court is without jurisdiction to consider the appeal or the motion to amend the notice of appeal.

The motion to amend the notice of appeal is therefore denied and the appeal is dismissed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.