Palmer SIMPLER, Plaintiff
and Appellant

Margaret Simpler, Plaintiff,

v.

Les LOWREY, George A. Fentress and George A. Bernat, Defendants
and Appellees.

Civ. No. 10010.

Supreme Court of North Dakota.

Feb. 24, 1982.

---

Beyer & Holm, Dickinson, for plaintiff and appellant Palmer Simpler; no appearance.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendants and appellees; argued by Ward M. Kirby, Dickinson.

PAULSON, Justice.

Palmer Simpler appeals from an order granting summary judgment entered by the District Court of Billings County on March 26, 1981. The appellees have moved for dismissal of the appeal. We grant the motion to dismiss the appeal.

Palmer and Margaret Simpler, husband and wife, commenced an action in the District Court of Billings County to recover additional moneys from the conveyance of mineral deeds, or, in the alternative, to restore ownership of certain mineral rights to Palmer and Margaret Simpler. Palmer and Margaret Simpler had conveyed certain mineral rights to Les Lowrey in April of 1979. Lowrey subsequently conveyed a portion of the Simpler mineral rights to George H. Fentress and George A. Bernat.

Margaret Simpler died on July 3, 1980, while the action in the district court was pending. Palmer Simpler appealed from the district court's order of March 26, 1981. Palmer Simpler died on May 30, 1981, after the notice of appeal had been filed.

On September 24, 1981, the appellees filed a written suggestion upon the record of the deaths of Margaret Simpler and Palmer Simpler.

On October 27, 1981, the appellees filed with this court a motion to dismiss the appeal, based on the fact that the plaintiffs had both died and there had been no substitution of parties pursuant to Rule 43 of the North Dakota Rules of Appellate Proce-

dure. On January 4, 1982, counsel for the appellant filed a motion to substitute Inez E. Ulrich Saunders, the personal representative for the Margaret Simpler and Palmer Simpler Estates, as the party plaintiff and appellant. The appellees have filed a brief in resistance to this motion.

Initially, we note that Margaret Simpler has been treated as an appellant by counsel for both sides in this case., However, Margaret Simpler died prior to the filing of the notice of appeal, and the notice of appeal was filed in the name of Palmer Simpler only. Margaret Simpler has never been a party to this appeal, and the failure to substitute a party on her behalf has no effect on this appeal whatsoever.

In discussing the appellees' motion to dismiss, we first note that substitution of parties on appeal is governed by Rule 43, N.D.R.App.P., which provides, in part:

### "RULE 43—SUBSTITUTION OF PARTIES

"*(a) Death of a party.* If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in the supreme court, the personal representative of the deceased party may be substituted as a party on motion filed by the representative or by any party with the clerk of the supreme court. The motion of a party shall be served upon the personal representative in accordance with the provisions of Rule 25. If the deceased party has no personal representative, any party may suggest the death on the record and proceedings shall then be had as the supreme court may direct. . . . "

The appellees mistakenly assume that the reference to "Rule 25" in Rule 43(a), N.D.R.App.P., refers to Rule 25 of the North Dakota Rules of Civil Procedure, and they therefore conclude that Rule 43 is "based upon" Rule 25 of the Civil Rules. They then point to the following language of Rule 25, N.D.R.Civ.P., to support their contention that dismissal is mandatory:

### "RULE 25—SUBSTITUTION OF PARTIES

"*(a) Death.* (1) . . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action *shall be dismissed* as to the deceased party." [Emphasis added.]

■ The contention of the appellees is premised upon the mistaken assumption that Rule 43, N.D.R.App.P., is "based upon" Rule 25 of the North Dakota Rules of Civil Procedure. Rule 43, N.D.R.App.P., is based upon Rule 43 of the Federal Rules of Appellate Procedure. Furthermore, the reference in Rule 43 to "Rule 25" is referring to Rule 25 of the North Dakota Rules of Appellate Procedure, and relates to the method of service of the motion for substitution of parties. It is only a coincidence that Rule 25, N.D.R.Civ.P., deals with substitution of parties at the trial court level; this Rule has no application to substitution of parties on appeal, which is governed by Rule 43, N.D.R.App.P.

■ Although Rule 25 of the North Dakota Rules of Civil Procedure provides for mandatory dismissal of the action if a party is not substituted within 90 days after suggestion of the death upon the record, Rule 43 of the North Dakota Rules of Appellate Procedure does not contain a mandatory dismissal provision. A Federal court, construing the corresponding Federal Rule, Rule 43, F.R.App.P., has also concluded that dismissal is not mandatory when there has been failure to substitute a party on appeal. *Gamble v. Thomas,* 655 F.2d 568, 569 (5th Cir. 1981).[1] We therefore conclude that

---

1. We note that in *Gamble v. Thomas, supra,* the court did dismiss the appeal. Upon close examination of the facts, however, it is readily apparent that the court went to great lengths in attempting to preserve the appeal. After learning of the appellant's death, the court, on its own initiative, directed the clerk to write to each known living relative and friend of the decedent in an effort to determine if any person wished to be substituted as a party to the appeal. The court received no response indi-

dismissal is not warranted in this case for failure to substitute parties.

 Although we find that the failure to substitute parties does not warrant dismissal, we conclude that dismissal of the appeal is nevertheless required on jurisdictional grounds. Even though the appellees have not raised the issue of the appealability of the order for summary judgment, it is the duty of this court to dismiss the appeal on our own motion if we conclude that it is not an appealable order. *Chas. F. Ellis Agency, Inc. v. Berg*, 214 N.W.2d 507, 509 (N.D.1974); *Trautman v. Keystone Development Corp.*, 156 N.W.2d 817, 819 (N.D. 1968).

The appellant appealed from the order of the district court granting summary judgment and dismissing the action. We recently addressed the issue of appealability of orders granting summary judgment in *First National Bank of Hettinger v. Dangerud*, 316 N.W.2d 102 (N.D.1982). In *Dangerud, supra* 316 N.W.2d at 104, we held that an order granting summary judgment is an intermediate order and is not appealable. *See also Gebeke v. Arthur Mercantile Co.*, 138 N.W.2d 796, 797 (N. D.1965).

This court has also held that an order dismissing an action is not appealable. *City of Minot v. Minot Highway Center, Inc.*, 120 N.W.2d 597, 598–599 (N.D.1963); *Landowski v. Forx Motor Co.*, 85 N.W.2d 422 (N.D. 1957); *Malherek v. City of Fargo*, 49 N.D. 123, 190 N.W. 176 (1922).

The order in this case, granting the motion for summary judgment and dismissing the action, is not an appealable order. We are therefore without jurisdiction to hear the appeal, and the appeal is dismissed without prejudice to an appeal being taken from a judgment when the same is rendered pursuant to the North Dakota Rules

of Appellate Procedure. See particularly Rules, 3, 4, and 7, N.D.R.App.P.

ERICKSTAD, C. J., and PEDERSON and VANDE WALLE, JJ., concur.

SAND, Justice (dissenting, with limited concurrence).

Except for dismissing the appeal, I am compelled to dissent from the rationale expressed in the opinion.

My first concern is with the implied application of Rule 43, North Dakota Rules of Appellate Procedure, to the facts of this case.

In my opinion, Rule 43, Substitution of Parties, of the Rules of Appellate Procedure becomes operational "after a notice of appeal is filed or while a proceeding is otherwise pending in the supreme court ...." The term "after a notice of appeal is filed" obviously must mean a valid appeal which confers jurisdiction upon the appellate court. It cannot mean that merely the filing of a notice of appeal without regard whether or not the subject matter is appealable puts this rule into operation. As an example, assume a party is not pleased with the ruling of the court on evidence during trial and files a notice of appeal on the ruling. I don't think anyone would seriously argue that such procedure would not put Rule 43 into operation.

Furthermore, the appeal is being dismissed for lack of jurisdiction on the ground that an order for judgment is not appealable. I agree with this. Under the setting of this case our Court technically is without jurisdiction to entertain or decree anything but a dismissal.

The majority opinion states:

representative was known to exist, and concluded that dismissal was appropriate in the circumstances presented in the case at bar.

We note that in the instant case a personal representative is known to exist, and the portion of Rule 43 relied upon by the *Gamble* court is therefore inapplicable.

---

cating that anyone desired to further prosecute the appeal.

The court then noted that Rule 43, F.R. App.P., provides that, if no personal representative is known to exist, "proceedings shall then be had as the court of appeals may direct". The court determined that this Rule implied the power to dismiss the appeal when no personal

"A Federal court, construing the corresponding Federal Rule, Rule 43, F.R. App.P., has also concluded that dismissal is not mandatory when there has been failure to substitute a party on appeal. *Gamble v. Thomas,* 655 F.2d 568, 569 (5th Cir. 1981). We therefore conclude that dismissal is not warranted in this case for failure to substitute parties."

The majority opinion has either misread or misconstrued *Gamble* in support of its proposition that dismissal is not warranted for failure to substitute parties. In fact, the dismissal in *Gamble* was based upon the failure to substitute parties within a reasonable time. Mandatory dismissal was not involved. As such the *Gamble* case actually stands for and supports the proposition that failure to substitute parties within a reasonable time constitutes grounds for dismissal pursuant to the implications in Federal Rule 43(a), F.R.App.P. The North Dakota Rule 43, N.D.R.App.P., is substantially similar to the federal rule. The dismissal for failure to substitute parties is the equivalent of dismissing an appeal for failure to file briefs, etc., within a reasonable time after the notice of appeal has been filed. However, I would not have dismissed for failure to make substitutions because to do that requires the court to have jurisdiction, which our Court in this case did not have.

Substitution of parties, except where a public official is involved, is essential if not absolutely vital to the relationship of client and attorney, or principal and agent. The position of an attorney is that of an agent and if the principal dies the relationship of agency is terminated. It is imperative for the attorney to substitute parties in case of death with a personal representative, or some other proper party, to maintain the agency relationship. It is basic that without a principal an agent cannot exist.

While this case is dissimilar to *State Bank of Burleigh County Trust Company v. City of Bismarck,* 1982, 316 N.W.2d 85, nevertheless an attorney's authority is extremely limited, if it exists at all, if the principal dies, until a substitution of parties is made.

The facts of this case are not difficult. Margaret Simpler died while the case was pending before the trial court. An *attempted appeal* was filed by Palmer Simpler on 26 March 1981 is factually more correct than the statement "Palmer Simpler *appealed* from the court's order for judgment on 26 March 1981." Palmer died 30 May 1981. From the record filed with this Court a strong probability exists that no judgment was ever entered and that only an order for judgment appears on the record with us. These facts bring the case squarely within Rule 25(a)(3) of the North Dakota Rules of Civil Procedure, which provides as follows:

"After a verdict is rendered or an *order for judgment is made in any action,* such action shall not abate by the death of any party, but the case shall proceed thereafter in the same manner as in cases where the cause of action survives by law, and substitution of parties shall be allowed as in other cases." [Emphasis supplied.]

This Rule can be reconciled and harmonized with Rule 43, N.D.R.App.P., if a valid appeal has been taken, which, of course, is not the situation in the instant matter. The question, however, whether or not the 90-day limitation found in Rule 25(a)(1) within which the substitution must be accomplished is tolled because of what happened remains unanswered. This question is not ripe for our determination at this time. However, I do not agree with the majority that Rule 25(a)(3), N.D.R.Civ.P., has no application to this case. I think it does.