Peter H. LEE, Robert P. Wegleitner, and Dale Tjelde, Plaintiffs and Appellants,

v.

GULF OIL EXPLORATION AND PRODUCTION COMPANY, Defendant and Appellee.

Civ. No. 10157.

Supreme Court of North Dakota.

April 29, 1982.

As Corrected June 10, 1982.

Anseth & Rustad, Williston, for plaintiffs and appellants; argued by Janet Holter Zander, Williston.

Bjella, Neff, Rathert, Wahl & Eiken, Williston, for defendant and appellee; argued by Dwight C. Eiken, Williston.

SAND, Justice.

This is an attempted appeal in a quiet title action by the plaintiffs, Peter H. Lee, Robert P. Wegleitner, and Dale Tjelde, from an order for judgment which determined that an oil and gas lease had not terminated because of the purported failure to comply with an "unless" clause in the lease. We are confronted with the issue whether or not we have jurisdiction before we resolve the issues regarding the effect of the "unless" clause under the facts of this case.

On 21 August 1974 Evelyn Gould and Mildred Gould, both single women, jointly executed a ten-year term oil and gas lease to Gulf Oil Exploration and Production Co. [Gulf]. The lease contained a standard provision:

"If no well be commenced on said land on or before one year from the date [21 August 1974] hereof, this lease shall terminate as to both parties, unless lessee [Gulf] on or before that date shall pay or tender to the lessor or to the lessor's credit in the Santa Monica Bank (P. O. Box 550), at Santa Monica, Calif. 90406 or its successors . . . the sum of One Hundred Sixty and No/100 ____ $160.00 ____ Dollars.

The lease also contained a provision allowing assignment of interest:

" . . . but no change in the ownership of the land or assignment of rentals or royalties shall be binding on the lessee [Gulf] until after the lessee has been furnished with a written transfer or assignment or a certified copy thereof . . . .

.        .        .        .        .

"This lease and all its terms, conditions and stipulations binds each executing lessor and shall extend to and be binding on his assigns, heirs and devisees and successors, and those of the lessee, though unsigned by other lessors named herein."

After the lease was executed, Evelyn Gould purchased Mildred Gould's interest in the property. On 10 Dec. 1979 Evelyn Gould transferred by warranty deed all of her interest in the property with no reservation of minerals to Peter H. Lee and Robert P. Wegleitner, who transferred all of their rights in 20 mineral acres in the property to Dale Tjelde and Elaine M. Tjelde on 11 April 1980.

On 1 July 1980, Gulf mailed the delayed rental payment which was due 21 Aug 1980 to the Santa Monica bank as the depository bank for Evelyn Gould and Mildred Gould. The bank, by letter dated 21 July 1980, returned the rental payment check to Gulf informing Gulf that Evelyn Gould and Mildred Gould no longer had an account with the bank.

On 21 July 1980, Lee telephoned Gulf at its division office in Casper, Wyoming, and spoke with Gulf's division agent Bill Groom concerning the mineral transfers which had occurred. He explained that he and Wegleitner had purchased Evelyn Gould's interest and that he and Wegleitner had subsequently transferred 20 of the mineral acres to Dale J. Tjelde and Elaine M. Tjelde. He also requested that the rental payments now be sent to them accordingly. Lee, at the request of Gulf, mailed a copy of the abstract entry to Bill Groom (Gulf) showing transfer of property from Evelyn Gould to Lee and Wegleitner, and a copy of the abstract entry showing transfer of the 20 mineral acres to Dale J. Tjelde and Elaine M. Tjelde.

Gulf held on to the rental payments until 1 May 1981, at which time the funds were deposited with the trial court. Prior to doing this, Gulf, on 5 Aug. 1980, in a letter to Evelyn Gould and Mildred Gould at the address shown on the oil and gas lease asked what should be done with the delayed rental payments because tender had been made but refused by the depository bank. Evelyn Gould responded with a letter 25 Aug 1980 stating that Mildred had died in July of 1979 and that she was the successor to the entire interest formerly owned by Mildred.

In addition, Evelyn stated that she had since sold the surface of the land but reserved 50% of the oil and mineral rights "for my lifetime." Gulf then asked Evelyn. Gould for copies of the deed by which she acquired the interest of Mildred Gould, and advised that they were seeking copies of the deeds to Lee and Wegleitner and that when they received all the necessary deeds, changes would be made regarding delayed rentals.

On 9 September 1980 Evelyn Gould sent Gulf a copy of the warranty deed from Mildred to Evelyn Gould. On 25 August 1980 Gulf sent a letter to Lee informing him that it was necessary to complete all changes on the ownership schedule and to supply copies of the recorded deeds to Gulf. A similar request for recorded deeds was made by Gulf to the attorneys for Lee, Wegleitner and Tjelde on 2 Oct. and 20 Oct. 1980 in which Gulf stated, "as soon as we have received complete copies of all the Warranty Deeds affecting this property, we will re-issue the 1980 check to the owners of record as of the rental date."

The quiet title action was instituted by Peter H. Lee, Robert P. Wegleitner and Dale Tjelde on 10 Dec. 1980 in which the parties attempted to have the basic lease terminated on the grounds that the delay rental payments were not made on or before the date specified. The defendant filed an answer and counterclaim on 5 January 1981.

The case was tried to the court without a jury upon stipulated facts, depositions, affidavits, and briefs. The court on 2 Nov. 1981 issued its order for judgment directing that judgment for Gulf be entered. Lee, Wegleitner and Tjelde appealed from the order for judgment but not from the judgment.

We must consider and resolve the issue whether or not this Court has jurisdiction. This issue may be raised sua sponte. *City of Bismarck v. Walker,* 308 N.W.2d 359 (N.D.1981); *Huso v. Bismarck Public School Board,* 219 N.W.2d 100 (N.D.1974). To resolve this question we must determine if the order for judgment is appealable. The right of appeal is statutory. *City of Bis-*

*marck v. Walker, supra; Huso v. Bismarck Public School Board, supra; Hansen v. Dennis,* 232 N.W.2d 49 (N.D.1975).

North Dakota Century Code section 28–27–01 and section 28–27–02 state which judgments and orders are appealable, and rule 4, North Dakota appellate procedure states the time separately within which an appeal from a judgment and an order may be taken. An order for judgment is not included in section 28–27–02, and is not appealable pursuant to case law of this State. See, *Simpler v. Lowrey,* 316 N.W.2d 330 (N.D.1982); *First National Bank of Hettinger v. Dangerud,* 316 N.W.2d 102 (N.D.1982); *Bismarck Public School No. 1 v. Ritterbush Associates,* 313 N.W.2d 712 (N.D.1981); *Farmers Cooperative Ass'n of Churchs Ferry v. Cole,* 239 N.W.2d 808 (N.D.1976); *Gebeke v. Arthur Mercantile Co.,* 138 N.W.2d 796 (N.D.1965); *Schrock v. Roy,* 111 N.W.2d 703 (N.D.1961); and *Rusch's Estate,* 62 N.D. 138, 241 N.W. 789 (1932).

An order for judgment is not final until the judgment is entered. Until then the court may be persuaded by motion or by some other appropriate method to change either the amounts or the conditions or any other item which normally is found in a judgment. Such changes may eliminate any contemplated appeal or, in the alternative, may cause an appeal to be taken.

The only significant exception to the case law of this State was made in *Allstate Insurance Co. v. Knutson,* 278 N.W.2d 383 (N.D.1979), wherein this Court had under consideration an order for judgment of the district court involving an appeal from an administrative agency which is readily distinguishable from an order for judgment of a court case.

The appeal from an administrative agency is governed by NDCC § 28–32–15 and § 28–32–21. Pursuant to these statutory provisions and case law in an appeal from a decision of an administrative agency to the district court which is then appealed to this Court we will review the decision of the administrative agency rather than the decision of the district court [*Nelson v. N. D. Workmen's Compensation Bureau,* 316

N.W.2d 790 (N.D.1982); *Geo. E. Haggart, Inc. v. North Dakota Workmen's Compensation Bureau,* 171 N.W.2d 104 (N.D.1969)], whereas in reviewing a decision of a district court case we review that decision, if it is to be a final decision.

■ On the basis of the foregoing authority, we are compelled to conclude that the order for judgment from which the appeal is taken is not appealable, and consequently this Court does not have jurisdiction to hear the appeal.

However, we recognize that the appellants may cause the judgment to be entered and then properly appeal the same issues. Taking this into consideration and for the sake of judicial economy, we make the following observations.

■ The "unless" clause has been considered and discussed by this Court in numerous instances. *Borth v. Gulf Oil Exploration & Production Co.,* 313 N.W.2d 706 (N.D.1981); *Norman Jessen & Associates v. Amoco Production Co.,* 305 N.W.2d 648 (N.D.1981); *Schwartzenberger v. Hunt Trust Estate,* 244 N.W.2d 711 (N.D.1976); *Woodside v. Lee,* 81 N.W.2d 745 (N.D.1957). The facts of this case distinguish it from the discussion in *Woodside, supra.* In *Borth, supra,* we said that equitable relief is applicable under a variety of circumstances to prevent the automatic termination of a lease containing an "unless" clause.

In the instant case Gulf attempted to make the payment but because the successors in interest did not adequately or properly inform Gulf of such acquired interest in the manner provided for in the lease, Gulf could not and did not make the payments without assuming some risk of making payment to the wrong party or parties and under these circumstances it is questionable if the "unless" clause became operational.

If the appeal were properly before us we would be constrained to conclude that the "unless" clause, under the facts of this case, did not become operative and the oil and gas lease was not terminated for failure to make the payment to the successors in in-

terest because the successors in interest did not advise and inform Gulf of their interest in the manner provided for in the lease.

The appeal is dismissed.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.