Palmer SIMPLER and Margaret Simpler, by Inez Ulrich Saunders, Personal Representative of Said Estates, Plaintiff and Appellant,

v.

Les LOWREY, George A. Fentress, and George Bernat, Defendants and Appellees.

Civ. No. 10232.

Supreme Court of North Dakota.

Aug. 12, 1982.

Beyer & Holm Law Office, Dickinson, for plaintiff and appellant; no appearances.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendants and appellees; argued by Ward M. Kirby.

ERICKSTAD, Chief Justice.

This case involves a motion to dismiss an appeal from a summary judgment, dated April 7, 1982, of the District Court of Billings County whereby the court dismissed the plaintiffs' action with prejudice. We grant the defendants' motion to dismiss the appeal.

Palmer and Margaret Simpler commenced an action in the district court to recover additional moneys from the conveyance of mineral deeds, or, in the alternative, to restore ownership of certain mineral rights to themselves. Margaret died on July 3, 1980, while the action was pending in the district court. On March 26, 1981, the district court entered an order for entry of summary judgment to dismiss the action. Palmer filed a notice of appeal from the

order and thereafter he died on May 30, 1981.

On September 24, 1981, the defendants filed upon the record a written suggestion of the deaths of Margaret and Palmer. On October 27, 1981, the defendants filed a motion requesting this Court to dismiss Palmer's appeal on the ground that Margaret and Palmer had both died and there had been no substitution of parties. On January 4, 1982, the plaintiffs' attorney filed a motion in our Court to substitute Inez Ulrich Saunders, the personal representative for Margaret and Palmer's estates, as the party-plaintiff and appellant.

In *Simpler v. Lowrey,* 316 N.W.2d 330 (N.D.1982), this Court dismissed Palmer's appeal from the order for entry of summary judgment on the ground that the order was intermediate and not appealable. His motion to substitute parties was not determined because the appeal was dismissed on grounds that we had no jurisdiction to hear the appeal and, accordingly, at that time had no jurisdiction to determine the motion. Subsequent to the dismissal counsel for the personal representative made no attempt to request the district court to substitute parties nor has he renewed his motion to substitute parties with this Court.

After this Court dismissed the appeal, the district court entered a summary judgment of dismissal on April 7, 1982, from which an appeal has now been taken to this Court in the name of Inez Ulrich Saunders as personal representative for the Margaret and Palmer Simpler estates.

On July 23, 1982, the defendants moved to dismiss the appeal on two grounds: (1) failure of appellant's counsel to properly substitute parties; and (2) failure of appellant's counsel to comply with certain rules of appellate procedure. The appellant has not filed any written response to the motion to dismiss and did not make an appearance at the oral argument on the motion which was scheduled for and heard on August 5, 1982.

Pursuant to Rules 13 and 31(c), N.D.R. App.P., it is within this Court's discretion whether or not to impose sanctions against a person for failing to file a brief or to

perform other acts required by the appellate rules. In view of the appellant's failure to make any response to the motion to dismiss and failure to properly obtain a substitution of parties we conclude that dismissal of the appeal is warranted.

In accordance with this opinion the motion to dismiss the appeal is granted.

VANDE WALLE, PEDERSON and PAULSON, JJ., concur.

SAND, Justice, concurring specially.

I concur in granting the motion to dismiss the appeal.

However, I do not agree with any implications created or left by the statement "nor has he renewed his motion to substitute parties with this court" that had he renewed his motion or made a new motion the results might have been different. In my opinion, Rule 43, N.D.R.App.P., does not contemplate a motion for substitution of parties before this court under the facts and circumstances of *this* case.

As to the filing of briefs, the appellant relied upon the brief filed earlier on the merits, but this court never reached the merits in either this case or the earlier case. No brief, however, was filed on the motion to dismiss.