Raymond McGUIRE, Petitioner
and Appellee,

v.

William Newton McGUIRE, Respondent
and Appellee,

Howard McGuire, Donald McGuire, and
Earl McGuire, Petitioners and
Appellants.

Civ. No. 10458.

Supreme Court of North Dakota.

Dec. 22, 1983.

Roger Schell, Bottineau, for petitioner and appellee. Submitted on brief.

John Gregg, Bottineau, for respondent and appellee.

A. Swain Benson, Bottineau, for petitioners and appellants. Submitted on brief.

SAND, Justice.

Howard McGuire, Donald McGuire, and Earl McGuire have attempted to appeal from an oral decision rendered by the court at the hearing to appoint a guardian and conservator for William Newton McGuire. We dismiss the appeal.

Cross-petitions were filed by the children of William Newton McGuire seeking appointment of a guardian and conservator for their father. A hearing was held on 4 March 1983. At the conclusion of the hearing, the court ordered that Margaret Seiler, daughter of William Newton McGuire, and First National Bank and Trust Company of Bottineau serve as co-guardians, and that the bank serve as conservator of the estate. The court directed Roger Schell, the attorney for Raymond McGuire, to prepare appropriate orders for the court's signature. Written orders appointing the co-guardians and conservator were signed by the court on 9 March 1983.

The notice of appeal filed by Howard, Donald, and Earl McGuire states that the appeal is from "the decision rendered by County Judge, JOHN C. McCLINTOCK, at the Hearing held in the Bottineau County Courthouse, Bottineau, ND, on March 4, 1983, at 10:00 A.M." Thus, they have attempted to appeal from the oral decision rendered by the judge at the conclusion of the hearing.

Even though the parties have not raised the issue of the appealability of the court's oral decision, it is the duty of this Court to dismiss the appeal on its own motion if the order is not appealable. *In Interest of R.A.S.*, 321 N.W.2d 468, 470

(N.D.1982); *In Interest of D.R.J.*, 317 N.W.2d 391, 392 (N.D.1982); *Simpler v. Lowrey*, 316 N.W.2d 330, 333 (N.D.1982). An oral ruling made by the trial court from the bench is not an appealable order. *Hilzendager v. Skwarok*, 335 N.W.2d 768, 769 n. 1 (N.D.1983); *State v. Jensen*, 333 N.W.2d 686, 689–90 (N.D.1983); *State v. Gasser*, 306 N.W.2d 205, 207–08 (N.D. 1981). Even a memorandum decision of the trial court is not appealable when it is not intended as a final order. *Chas. F. Ellis Agency, Inc. v. Berg*, 214 N.W.2d 507, 510 (N.D.1974). Because the oral ruling by the court is not an appealable order, we are without jurisdiction and must dismiss the appeal.

In addition, we have reviewed the briefs, the record, and the transcript, and conclude that the issues raised by the appellants are without merit.

The appeal is dismissed. Costs on appeal will be assessed against the appellants.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and GIERKE, JJ., concur.