51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David L. BREEDLOVE, Plaintiff-Appellant,
v.
CITY OF LONG BEACH, a Municipal Corporation; Diana Bonta;
Ronald Mandel; Lawrence L. Binkley, Defendants-Appellees.
 No. 93-56240.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1995.
Decided March 27, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 We affirm the summary judgment in favor of all defendants.[1] The claims under 42 U.S.C. Secs. 1983 and 1985 depend on the Sec. 1981 claim, so the summary judgment was proper as to all claims.
 
 
 4
 Dr. Breedlove's objections to consideration of Dr. Johnson's deposition testimony, and consideration of the complaints from numerous sources against Dr. Breedlove, were properly overruled. The complaints were presented, not to show the truth of the matters asserted therein, i.e. that Dr. Breedlove was late to the hospital or rude to a patient, but rather, to show that there were many complaints against him. The complaints showed that Dr. Breedlove was guilty of frequent two-hour delays to examine rape victims, rude and confrontational interviews with rape victims, shouting matches with prisoners, and using a male janitor in the examining room to interpret for a female rape victim.
 
 
 5
 Even if these complaints were not well founded, they would still be relevant to show that, as the City Department of Health and Human Services claimed, Dr. Breedlove was the subject of many complaints. If the City decided not to renew Dr. Breedlove's contract because there were many complaints about him, so many that they imposed excessive investigative burdens on the Department, that would not be a refusal to contract based on race, regardless of whether the complaints were well founded. Where complaints are offered to show the number and variety of problems an employee had prior to being discharged, rather than to prove the specific misconduct alleged in the complaints, the documents are not barred by the hearsay rule. Jones v. Los Angeles Community College Dist., 702 F.2d 203, 205 (9th Cir.1983). Nor would Dr. Breedlove be entitled to renewal of his contract even if the complaints were ill founded. Even if he was right, for example, to use the male hospital janitor to interpret for a Hispanic female rape victim, and Dr. Bonta was wrong to deem this inappropriate, Dr. Bonta's refusal to renew his contract for this reason would have been based on her view of the appropriateness of appellant's choice of interpreter, not her intention to discriminate against Dr. Breedlove because of his race.
 
 
 6
 Dr. Johnson testified that she, a black woman, had not noticed or been the victim of racism while working for the City. This testimony is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed.R.Evid. 701. Dr. Johnson identifies herself as black and works for the department at issue, so she had sufficient foundation to express an opinion about attitudes she had experienced toward black physicians. Discrimination based on race is based on a shared group characteristic rather than individual characteristics, so the absence of racial hostility toward Dr. Johnson is evidence of an absence of racial hostility toward Dr. Breedlove by the same people in the same place and time.
 
 
 7
 Dr. Breedlove was an independent contractor, not an employee. He was not fired. The City contracted with him three times, and kept him employed until the end of each contract. His claim is that the City refused to contract with him a fourth time because of his race. The case was dismissed on summary judgment, not for failure to state a claim. Thus, evidence, and not just averments in his complaint, would be needed to show error. What matters is whether he established, by evidence cognizable under Federal Rule of Civil Procedure 56, a prima facie case from which a jury would be entitled to conclude that the Department refused to renew his contract because of his race. He did not. He has failed to make out the prima facie case of discriminatory intent needed to prove a violation under Sec. 1981. Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1074 (9th Cir.1986).
 
 
 8
 The City contracted with Dr. Breedlove three times knowing that he was black. It contracted with Dr. Johnson and Dr. Sexton, both of whom were black. It attempted to contract with a black doctor to replace Dr. Breedlove after the third contract expired. There is no evidence to show that the reason the City refused to contract with Dr. Breedlove a fourth time was that he was black.
 
 
 9
 Dr. Breedlove's theory is that the police wanted his contract not to be renewed because they were hostile to blacks, and the Department caved in to this racially based pressure. He has not, however, provided evidence cognizable under Rule 56 from which a jury could find this to be true. He complains that members of the police department were rude to him when he parked in the tunnel, but Dr. Clough and Dr. Mandel, both white, testified that the police were equally rude to them when they parked in the tunnel. There are two pieces of evidence, the alleged "niggers die" note and the alleged banana peel on his windshield, from which an inference might be drawn that one or more police officers felt hostile to black people. There was no evidence to show that these attitudes (assuming that a police officer and not an intruder put the items on the windshield) caused Dr. Breedlove's contract not to be renewed.
 
 
 10
 The police were only one of many sources of complaints against Dr. Breedlove. There were also complaints from other medical personnel in his own department, jail personnel, and rape victims. The large volume of complaints cannot therefore be linked, on the record in this case, to racial animus in the police force. Dr. Breedlove's contract was not with the police department. There was no evidence to tie nonrenewal of the contract by the Department of Health and Human Services to any racial hostility of some personnel in the police department.
 
 
 11
 Dr. Breedlove submitted evidence that a nurse at the hospital told a rape victim she could be examined by someone else if she was uncomfortable being examined by Dr. Breedlove on account of his race. He was a tall black man, as was the alleged rapist. The evidence shows, however, that the Department treated this as misconduct by the nurse and reprimanded her. This conduct was not treated as a complaint against Dr. Breedlove. Dr. Breedlove was vindicated, and no racial animus by the Department was shown.
 
 
 12
 Dr. Breedlove claims without any foundation in personal knowledge that he was the first city doctor not to have his contract renewed. The depositions presented by the defense show that this was not so--other doctors who were unable to work well with others had not had their contracts renewed.
 
 
 13
 Dr. Breedlove did not meet his initial burden of proving that his discharge was more likely than not caused by race. DeHorney v. Bank of America Nat. Trust and Savings Assoc., 879 F.2d 459, 468 (9th Cir.1989). Because Dr. Breedlove has not proved any constitutional violation, the claims under Secs. 1983 and 1985(3), which both require at least some showing of a violation, were also properly dismissed. See Jett v. Dallas Indep. School Dist., 491 U.S. 701, 733 (1989); Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121 (9th Cir.1989).
 
 
 14
 Though Dr. Breedlove established no genuine issue of material fact, we deny appellees' request for an attorneys' fees award on appeal under Sec. 1988.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge, for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We were informed at oral argument that Dr. Breedlove has died and no personal representative of his estate has yet been appointed. The notice of appeal was filed, and the briefs were filed, prior to his death. We therefore have decided the case on the merits, subject to the condition that a personal representative file an appearance in this appeal within 30 days of the date the clerk files this disposition. The clerk is directed to hold the mandate until the time set for the filing of an appearance, the clerk will issue the mandate if no appearance on behalf of a personal representative is filed by that time. Fed.R.App.P. 43(a); Gamble v. Thomas, 655 F.2d 568, 569 (5th Cir.1981)