Sara Jean **HELMERS** f/k/a Sara Jean Sortino, Plaintiff and Appellee,

v.

Anthony Dale **SORTINO**, Defendant and Appellant.

Civ. No. 950243.

Supreme Court of North Dakota.

April 8, 1996.

Robert S. Rau (argued), of Bosard, McCutcheon & Rau, Ltd., Minot, ND, for plaintiff and appellee. Appearance by Sara Helmers.

Richard L. Hagar (argued), of Kenner Sturdevant, P.C., Minot, ND, for defendant and appellant.

MESCHKE, Justice.

Anthony Dale Sortino appealed from a partial default judgment and the denial of his motion to vacate the partial default judgment establishing an Alaska divorce decree and transferring custody of his eight-year-old son to his former spouse, Sara Jean Helmers. We reverse the transfer of custody and remand for dismissal for lack of personal jurisdiction over Sortino.

Helmers and Sortino were married in North Dakota in 1986. They lived in Alaska, where Sortino was stationed while in the military. Helmers moved to North Dakota in September 1993, when she and Sortino separated. Helmers and Sortino were divorced in Alaska on April 1, 1994. They were awarded joint legal custody of their minor children, Joseph James, born July 26, 1987, and Jonathon Anthony, born December 17, 1992. Primary physical custody of Jo-

seph was placed with Sortino, and primary physical custody of Jonathon was placed with Helmers. After offsetting their respective incomes, the Alaska court ordered Sortino to pay net child support of $148 per month to Helmers.

Sortino moved to Illinois in August 1994, after his discharge from the military. Helmers sued Sortino in North Dakota for enforcement of the Alaska divorce decree, a judgment for child support arrearages, and an order fixing Helmers's visitation with Joseph or, alternatively, transferring Joseph's custody to Helmers. Helmers served the summons and complaint by Federal Express delivery to Sortino's present spouse in Illinois on February 10, 1995.

Helmers moved for a default judgment on March 8, 1995. Sortino served a notice of special appearance to claim lack of jurisdiction on March 15, 1995. Sortino answered and counterclaimed on March 20, 1995, while continuing to assert he was appearing specially. See NDRCivP 12(b): "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." Sortino requested dismissal for lack of personal and subject-matter jurisdiction, dismissal for failure to state a claim, or modification of the visitation and child support portions of the Alaska divorce decree.

The trial court entered a partial default judgment on June 26, 1995. The default judgment ordered filing of the Alaska decree under NDCC Ch. 28–20.1, ordered custody of Joseph transferred to Helmers, and ordered Sortino to bring Joseph to Helmers at Minot within 14 days. The partial judgment also granted Helmers's motion to strike Sortino's answer as a discovery sanction. On June 29, 1995, Sortino moved under NDRCivP 60(b) for relief from the partial judgment. The trial court orally denied the motion on June 30. Sortino immediately moved the trial court for a stay of the partial default judgment pending appeal. Sortino then appealed from the partial default judgment and from the denial of his motion for relief from that judgment. On July 26, the trial court denied Sortino's motion for stay.

We granted Sortino a stay on August 16, 1995. On August 23, 1995, we denied Helmers's request for reconsideration of the stay, and ordered custody of Joseph immediately returned to Sortino pending this appeal.

█ Without a certification under NDRCivP 54(b), and one is missing in this case, a partial judgment ordinarily is not appealable. First Nat'l Bank v. Candee, 488 N.W.2d 391 (N.D.1992); Thompson v. Goetz, 455 N.W.2d 580 (N.D.1990). Also, the trial court's oral ruling denying Sortino's motion under NDRCivP 60(b) for relief from the partial judgment was not put in writing. "An oral ruling made by the trial court from the bench is not an appealable order." McGuire v. McGuire, 341 N.W.2d 380, 381 (N.D.1983). For these reasons, we would ordinarily dismiss this appeal.

█ However, when the denial of immediate appellate review will create a substantial injustice, "our supervisory jurisdiction acts as a 'safety net' for the restrictive use of Rule 54(b)." Mitchell v. Sanborn, 536 N.W.2d 678, 682 (N.D.1995). Denial of immediate appellate review in this case would create a substantial injustice by effectively approving a change in custody of a child through a default judgment against a parent who was not properly served with process, and without a careful and complete investigation of the best interests of the child. We, therefore, exercise our supervisory jurisdiction.

█ For jurisdiction over an interstate dispute about custody of a child, a claimant must meet the requirements of the Parental Kidnapping Prevention Act, 28 USC § 1738A, and of the Uniform Child Custody Jurisdiction Act, NDCC Ch. 14–14. See also Dennis v. Dennis, 366 N.W.2d 474, 476 (N.D. 1985). Also, compare Beck v. Smith, 296 N.W.2d 886, 891 (N.D.1980), and Cordie v. Tank, 538 N.W.2d 214 (N.D.1995). Despite reservations about whether custody of Joseph qualifies under NDCC Ch. 14–14 for subject-matter jurisdiction when North Dakota is probably not his home state, we assume without deciding that it would. Under NDCC 14–14–05, the service of process by

mail is authorized for the notice required to exercise jurisdiction over a person residing outside of this state in any interstate child custody dispute.

Sortino contends that this complaint should be dismissed because there was insufficient proof of service of process under NDRCivP 4(h). We agree service of process was not made.

Generally, our rules of civil procedure authorize service of process outside this state "by any form of mail addressed to the person to be served and requiring a signed receipt and resulting in delivery to that person." NDRCivP 4(d)(3)(C). NDRCivP 4(h) requires proof of mail service in specific ways:

(4) in . . . case of service by mailing resulting in delivery in accordance with paragraph (2) or (3) of subdivision (d) of this rule, by an affidavit of the mailing of a copy of the summons and complaint or other process, with return receipt attached; or

(5) by the written admission of the defendant.

NDRCivP 4(j) directs how to make proof of mail service:

An affidavit of mailing required by this rule must state that a copy of the process, pleading, order of court, or other paper to be served was deposited by the affiant, with postage prepaid, in the United States mail and directed to the party shown in the affidavit to be served at the party's last reasonably ascertainable post office address, showing the date and place of depositing and that the affiant is of legal age and having attached thereto the return receipt, if any.

The affidavits of service in this case show that the summons and complaint were given to Federal Express for service and that there is no mail return receipt signed by Sortino. Nor does this record contain a written admission of service by Sortino.

▮▮▮ Federal Express delivery is not mail delivery. *Audio Enterprises, Inc. v. B & W Loudspeakers,* 957 F.2d 406, 409 (7th Cir.1992); 62B Am.Jur.2d, *Process* § 227 (1990). Whatever commercial usage Federal Express delivery has attained, it has not gained the long experience, expected reliability, or legal recognition that postal mail delivery has attained. Thus, this attempted service of process by Federal Express did not comply with NDRCivP 4, and neither did the proof of service. "Because there was no valid service, the district court was without personal jurisdiction over [Sortino] and the complaint should have been dismissed for insufficiency of service of process." *Audio Enterprises, Inc.,* 957 F.2d at 409. Absent valid service of process, even actual knowledge of the existence of a lawsuit is insufficient for personal jurisdiction over a defendant. *Mid–Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir.1991). This is equally true in our North Dakota civil procedure, where a civil action is commenced by the service of a summons, NDRCivP 3, as in the federal procedure where a civil action is commenced by the filing of a complaint with the court. FRCivP 3. Under Rule 4 in either procedure, personal jurisdiction depends on proper service of process.[1]

Establishment of the Alaska custody decree was not accomplished with proper service of process under NDRCivP 4. Personal jurisdiction over a party in an interstate custody dispute turns upon proper service of process. Without the proper service of process, missing here, there is no personal jurisdiction over Sortino.

Accordingly, we reverse the partial default judgment and remand for entry of a judgment of dismissal for lack of personal jurisdiction.

SANDSTROM and NEUMANN, JJ., concur.

The Honorable MARY MUEHLEN MARING was not a member of the Court when this case was heard and did not participate in this decision.

VANDE WALLE, Chief Justice, concurring specially.

I agree with the reversal of the partial default judgment and the dismissal of the action for lack of personal jurisdiction.

---

1. In view of our disposition, we need not address Sortino's argument that he was not in default because NDRCivP 4(f) declares that service upon an out-of-state defendant is not complete until fifteen days after service.

Furthermore, under the facts of this case, the courts of this State do not have jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA). *See* NDCC §§ 14–14–02(4), (5), (7) and 14–14–03. I continue to believe that the Uniform Enforcement of Foreign Judgments Act, Chapter 28–20.1, NDCC, does not apply to the enforcement or modification of a foreign custody decree under Chapter 14–14, NDCC, the UCCJA. *See Beck v. Smith,* 296 N.W.2d 886, 893 (N.D. 1980) [VandeWalle, J., concurring in part and dissenting in part].

BERYL J. LEVINE, Surrogate Judge, concurs.