# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4036

_____

| | | |
|---|---|---|
| Raymond W. Aswegan, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Charles Harper; Ronald G. Welder; | * | |
| John Emmett; Kathy Symmons, | * | Appeal from the United States |
| | * | District Court for the |
| Defendants, | * | Southern District of Iowa. |
| | * | |
| Robin Haley, | * | [UNPUBLISHED] |
| | * | |
| Appellee, | * | |
| | * | |
| Maggie Barnett; Judy Jenkins, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: January 5, 2000
Filed: January 12, 2000

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Inmate Raymond W. Aswegan appealed[1] following the district court's[2] grant of summary judgment in favor of Iowa State Penitentiary nurse Robin Haley. Having carefully reviewed the record, we conclude that summary judgment was appropriate, as Aswegan failed to rebut Haley's evidence that he was convicted of the disciplinary violations which he claims she reported in retaliation for his filing grievances against her. See Fed. R. Civ. P. 56(e); Kneibert v. Thomas Newspapers, Mich. Inc., 129 F.3d 444, 451 (8th Cir. 1997); Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994), cert. denied, 515 U.S. 1145 (1995). Further, Aswegan's complaints about the quality of legal representation he received from appointed counsel below are not a basis for reversal in this civil action. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988).

Accordingly, we affirm the judgment of the district court without further discussion. See 8th Cir. R. 47B.

---

[1]We have been informed that Mr. Aswegan died subsequent to the filing of this appeal. While we have authority to dismiss the appeal without prejudice, see Johnson v. Morgenthau, 160 F.3d 897, 898-99 (2d Cir. 1998) (per curiam) (court dismissed appeal without prejudice under Rule 43(a) where appellant died while appeal was pending, no personal representative came forward on appellant's behalf, and court had no knowledge whether any personal representative existed); Gamble v. Thomas, 655 F.2d 568, 569 (5th Cir. Unit A Aug. 1981) (same), we choose to deal with the merits of the matter.

[2]The Honorable R. E. Longstaff, United States District Judge for the Southern District of Iowa, adopting the report and recommendation of the Honorable Thomas J. Shields, United States Magistrate Judge for the Southern District of Iowa.

A true copy.

Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.