# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50510
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2016

Lyle W. Cayce
Clerk

MARTIN DEL OLMO,

Plaintiff-Appellant

v.

U.S. CUSTOMS & BORDER PROTECTION,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-63

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Martin Del Olmo moves for leave to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his civil action under the Federal Tort Claims Act (FTCA). The district court dismissed Del Olmo's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted based on its determination that the action had not been filed within the applicable limitations period.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50510

By moving to proceed IFP, Del Olmo is challenging the district court's certification that this appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Del Olmo argues that the district court erred by sua sponte dismissing his civil action as time barred. We have held, however, that the district court may raise the defense of limitations sua sponte in an action, such as this one, proceeding under 28 U.S.C. § 1915. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

The FTCA requires claimants to file an administrative claim with the appropriate agency within two years from the accrual of a claim and within six months after the denial of that claim by the agency. *See* 28 U.S.C. § 2401(b); *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001). A cause of action accrues within the meaning of § 2401(b) "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Ramming*, 281 F.3d at 162 (internal quotation and citation omitted).

Here, in early 2007, Del Olmo clearly knew of the allegedly false accusations of which he complains. Del Olmo does not contend that he filed a an administrative claim with U.S. Customs and Border Protection within the two-year limitations period, and indeed his own district court filings indicate that he did not file a tort claim with agency until after the limitations period established by § 2401(b) had expired. In view of the foregoing, the district court did not err in dismissing Del Olmo's complaint as barred by the statute of limitations. *See* § 2401(b); *Ramming*, 281 F.3d at 162. We conclude that Del Olmo has not shown he will raise a nonfrivolous issue on appeal.

No. 15-50510

We note that it appears the appellant has died during the pendency of this appeal. In some circumstances, it is proper to consider substitution of a personal representative. *See Gamble v. Thomas*, 655 F.2d 568, 568 (5th Cir. 1981). Because the appeal is frivolous, we determine no purpose would be served by initiating the process for a substitution. *See* FED. R. APP. P. 43.

The motion for leave to proceed IFP on appeal is DENIED, and this appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.