**Lee A. RAY and Nancy J. Ray, Plaintiffs–Appellants,**

v.

**THE FLORIDA CABINET, et al., Defendants–Appellees.**

**No. 87–5502**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 18, 1988.

Fred Goldstein, Plantation, Fla., for plaintiffs-appellants.

Robyn Hermann, Asst. U.S. Atty., Miami, Fla., for defendants-appellees.

John T. Stafr, Appellate Section, Dept. of Justice, Martin W. Matzen, Washington, D.C., for U.S. Army Corps of Engineers.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Appellants in this case ask the court to review the district court's denial of a motion for "interim" attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA") and the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988 ("section 1988"). Because the court is without jurisdiction, we dismiss the appeal.

BACKGROUND

This lawsuit, filed in 1981, arose out of appellants' former ownership of real property in Martin County, Florida which they operated as a marina. In 1975, appellants

obtained the right to construct and operate the marina pursuant to a Submerged Sovereignty Land Lease from the State of Florida. Federal law also required appellants to obtain a construction permit from the United States Army Corps of Engineers ("the Corps"). Section 10 of the Rivers and Harbors Appropriation Act of 1899, 33 U.S.C. § 403, prohibits the construction of structures in or over navigable waters of the United States in the absence of such a permit. In deciding whether to grant such a permit, Corps regulations in effect in 1981 required it to consider the applicability of local "land use classification[s], determinations, [and] policies." 33 C.F.R. § 322.5(d) (1977).

Martin County advised the Corps that it had no objection to appellants' permit request, if they adhered to the County's request for a "setback" of fifteen feet from adjacent property lines. The Corps issued the permit upon assertions by appellants that the marina would comply with the required "setback."

In 1979, a neighboring landowner notified the Corps that appellants' construction violated the "setback" requirement. The Corps issued a cease and desist order, directing appellants to halt all construction in or over navigable waters.

On May 6, 1980, the United States Attorney advised the Corps that appellants' variance from the "setback" requirement was not serious enough to merit legal action. On May 15, 1980, the United States Attorney advised appellants that it would not bring civil or criminal proceedings against them. Yet on October 23, 1980, the Chief of the Lands Division of the United States Attorney's Office notified appellants that it was considering reopening the matter for further inquiry, and that the cease and desist order was again in effect.

On August 27, 1980, the State notified appellants that its lease was being renewed subject to (1) compliance with the Corps's permits, "including resolution of outstanding U.S. Justice Department proceedings arising out of said non-compliance"; and (2) realignment of their marina docks to the required setback position. Rec., Vol. I, Tab 1 at Exhibit G.

Appellants filed suit against the Florida Cabinet, its members, the Corps, and the Martin County Board of County Commissioners; they have dismissed all defendants with the exception of the Corps. With respect to the Corps, appellants alleged that it violated their rights to equal protection and due process by incorporating the "setback" requirement into its regulations. *Id.* at para. 51.

The district court denied the Corps's motion to dismiss. In renewing its motion to dismiss, the Corps advised the district court that it had withdrawn the cease and desist order and that it was taking no enforcement action against appellants. Rec., Vol. I, Tab 56 at 1. In a motion to strike the Corps's renewed motion to dismiss, appellants took the position that the lifting of the cease and desist order was irrelevant because they were seeking damages for the Corps's allegedly unlawful conduct. They argued that the Corps could not undo the harm caused by such conduct: "The Defendant takes the absurd position that a letter withdrawing the [cease and desist] order sent many months after suit had been instituted obviates any damage caused as a result of that erroneous order." Rec., Vol. I, Tab 58 at paras. 3–5.[1]

The district court has not yet taken action on appellants' motion for summary judgment, their motion to strike the Corps's renewed motion to dismiss, or the Corps's renewed motion to dismiss. Nevertheless, appellants filed the motion for "interim" attorney's fees that is the subject of this appeal. A hearing was held before a magistrate who determined that the plaintiffs were not prevailing parties under either section 1988 or the EAJA. Upon the magistrate's report and recommendation,

---

**1.** In appellants' earlier motion for summary judgment, they likewise contended that the Corps had "no authority" to issue its cease and desist order and that the order "ha[d] caused [them] considerable loss and all of this loss ha[d] been occasioned by violations of their constitutional rights." Rec., Vol. I, Tab 51 at 7.

the district court denied the plaintiffs' motion for fees and costs.

## JURISDICTION

The jurisdictional statute invoked in this appeal is 28 U.S.C. § 1291, which confers jurisdiction upon this court for "appeals from all final decisions of the district courts." Because the district court has not entered a final judgment, we are confronted with the following question: Is the denial of appellants' motion for attorney fees a "final decision"?

■ Finality, within the meaning of section 1291, "does not necessarily mean the last order that could possibly be made in the case." *Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1493 (11th Cir.1986) (citing *Gillespie v. U.S. Steel Corp.,* 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964)). In resolving question of finality the "most important competing considerations are 'the inconvenience and costs of piecemeal review on the one hand the danger of denying justice by delay on the other.'" *Gillespie,* 379 U.S. at 152–53, 85 S.Ct. at 311 (quoting *Dickinson v. Petroleum Conversion Corp.,* 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950)), *quoted in Haitian Refugee Center,* 791 F.2d at 1493. In another formulation, the Supreme Court has said that a district court order is not appealable unless it "conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978), *quoted in Ruiz v. Estelle,* 609 F.2d 118, 119 (5th Cir.1980).

Counterpoised against these principles is the rule that the plaintiffs' entitlement to attorney's fees is a matter which is "separate and collateral to the litigation on the merits." *Haitian Refugee Center,* 791 F.2d at 1494 (EAJA fees); *see also White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (section 1988 fees are collateral to the underlying mer-

its). We do not believe, however, that this rule should apply to motions for *interim* section 1988 or EAJA fees unless a party "has established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal." *Hanrahan v. Hampton,* 446 U.S. 754, 757, 100 S.Ct. 1987, 1989 64 L.Ed.2d 670 (1980) (plurality opinion) (per curiam) (treating section 1988). This case is different from *Haitian Refugee Center,* in which we allowed the appeal of an interim award of EAJA fees because there was no question whether the plaintiffs had prevailed on the merits of an issue central to their lawsuit. *See* 791 F.2d at 1495–96.

Here, appellants sought interim fees under the "catalyst" theory as described in *Martin v. Heckler,* 773 F.2d 1145 (11th Cir.1985). They claim that they were "prevailing parties" for EAJA and section 1988 purposes because their lawsuit was a " 'catalyst motivating defendants to provide the primary relief sought in a manner desired by litigation.'" *Id.* at 1149 (citation omitted). The plaintiffs' argument is that the lifting of the cease and desist order was due to the initiation of their lawsuit.

■ Because it is undisputed that the plaintiffs have not yet prevailed on any legal issues, *see Haitian Refugee Center, supra,* or established a right to relief "on the merits" of any claim, *see Haitian, supra,* we hold that the district court's order denying EAJA and section 1988 fees is not a "final order" for the purposes of 28 U.S.C. § 1291. Thus, we have no occasion to decide whether the plaintiffs were "prevailing parties" under the "catalyst" theory pursuant to the EAJA or section 1988. In response to the jurisdictional problem posed by the appeal, the plaintiffs argue that this case is really over, the cease and desist order having been lifted in 1982. They appear to contend that since the district court decided that they were not "prevailing parties" for the purposes of their interim fee application, the litigation is "complete." Reply Brief at 2. We reject this argument for the simple reason that they have not explained why, nor do they deny that they are still seeking damages

before the district court. Until this issue is resolved, we cannot review the district court's denial of the interim fee application. The district court's resolution of the merits and damages issues may well spawn an appeal. This is precisely the type of "piecemeal" review courts should avoid. We see no injustice in denying review at this time. When circumstances arise which make the district court's orders with respect to damages and fees "final," appellants will not be precluded from seeking another review on the merits.

Since the issue of attorney's fees was not ripe for adjudication at the time the matter was before the district court, the district court's order and judgment with respect to attorney's fees is VACATED and the appeal is DISMISSED.