Thomas E. CROWDER, Plaintiff,

B. Mae Miller, Dorothy Maddox, Plaintiffs–Appellants,

v.

HOUSING AUTHORITY OF THE CITY OF ATLANTA, et al., Defendants–Appellees.

No. 89–8541.

United States Court of Appeals, Eleventh Circuit.

Aug. 9, 1990.

John Pierce Tucker, Jr. and William B. Hollberg, Tucker & Hollberg, Atlanta, Ga., for plaintiffs-appellants.

Curtis L. Mack and Marc H. Salm, Mack & Bernstein, Atlanta, Ga., for defendants-appellees.

Before KRAVITCH and COX, Circuit Judges, and DYER, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Having jurisdiction of this case under the collateral order doctrine, we conclude that the district court abused its discretion in refusing to award attorney's fees to parties that are, as a matter of law, prevailing parties within the meaning of 42 U.S.C. § 1988. We remand for the district court to award fees consistent with this opinion.

BACKGROUND

Plaintiffs B. Mae Miller, Dorothy Maddox, and Thomas Crowder were residents of 2400 Peachtree Road, a building owned by the Housing Authority of the City of Atlanta ("AHA") and operated to serve the elderly. Pursuant to 42 U.S.C. § 1983, plaintiffs filed a complaint alleging violations of their constitutional rights by: AHA; Samuel Hider, the Executive Director of AHA; Doris Alexander, the AHA building manager at 2400 Peachtree Road; and W.H. Mays, a police officer of the City of Atlanta. In particular, plaintiffs alleged that the housing authority had denied them their first amendment rights to the free exercise of religion, freedom of assembly, and free speech. Further they alleged deprivations of due process and equal protection of the laws. In addition, Crowder alleged various state torts, including false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, and slander. All plaintiffs sought injunctive relief, declaratory judgment, and damages for the deprivation of constitutional rights. Crowder alone sought damages on his state law tort claims.

The claims arose from the following alleged occurrences. Beginning in July 1985,

Crowder conducted Bible study programs, attended by residents of the building, in the common areas (library and auditorium) at 2400 Peachtree Road. Hider and Alexander prohibited these meetings as a matter of AHA policy, although the common areas had been used for other tenant activities ranging from bingo to banquets and from parties to political meetings. Further, AHA banned the posting of notices regarding Bible study or prayer meetings on its public bulletin boards. A number of residents signed a petition requesting that they be allowed to use the common areas for religious meetings and post notices of those meetings. Allegedly Alexander threatened the plaintiffs with retaliatory eviction if they pursued their prayer and Bible study meetings.

On December 8, 1986 between 11:00 a.m. and 12:00 noon, Crowder and his non-resident guest were meeting alone in the library of 2400 Peachtree Road when Alexander, accompanied by two of her employees and four Atlanta police officers, interrupted Crowder's praying to inform him that he would be arrested if he did not leave the library. Approximately 20 minutes later, Mays arrested Crowder. None of the other plaintiffs was involved in the December 8 incident.

In April 1987, the district court issued a consent order requiring that the plaintiffs and other tenants be allowed access to the common areas of 2400 Peachtree on a space available basis, so long as adequate advance notice was given. The consent order further required that tenants be permitted to post notices of a certain size without the prior approval of the building manager. Finally, the consent order provided that it was not "to be considered an admission of guilt or liability by either party, nor is it entered in favor of either party."

In May 1988, John Tucker, counsel for plaintiffs, withdrew from representation of Crowder, although Tucker continued to represent Miller and Maddox. Maddox and Miller agreed to settle their case if the terms of the consent order were made a permanent injunction. In a permanent in-

junction filed September 8, 1988, the district court, although faulting both plaintiffs and defendants for their lack of cooperation in resolving their dispute, noted that "Maddox and Miller are entitled to a final and permanent injunctive relief in settlement of their claims in this action." The district court ordered AHA to take certain enumerated actions "to guarantee equal access by plaintiffs and other tenants at [2400 Peachtree Road] to tenant common areas and bulletin boards of the Building for the purpose of scheduling, conducting and advertising voluntary tenant prayer meetings and Bible study meetings." AHA was required to follow the consent order guidelines, which provided that plaintiffs be given access to the common areas and prohibited AHA from banning the posting of notices, required that AHA post notices in a glass-enclosed bulletin board on a weekly basis, and clean up the library so that it could be used by tenants. Further, the court ordered AHA not to exclude guests of residents "on the basis of race, color, sex, creed or religion or on any other basis that abridges the Constitutional rights of the inviting tenant or of the invited visitor;" finally, the court ordered that "AHA treat no tenant or tenant group preferentially with regard to access to Building common areas and bulletin boards, but allow tenants and tenant groups equal access thereto on a first-come, first-served basis without regard to race, color, sex, creed or religion."

As part of the settlement agreement, the complaint of Miller and Maddox was dismissed with prejudice. Crowder's claims are still pending.

The district court denied Miller and Maddox's motion for attorney fees under 42 U.S.C. § 1988, ruling that a fee applicant not only had to be a prevailing party but also had to demonstrate that the interests of justice warranted the fees.

JURISDICTION

■ The appellees contend that this court is without jurisdiction because this appeal concerns an interim request for fees. We disagree. Although the procedural posture of this case is somewhat un-

usual and there is no precedent directly on point, the policies and precedents underlying the collateral order doctrine lead us to conclude that we have jurisdiction.

Title 28 U.S.C. § 1291 confers jurisdiction over appeals from final decisions of district courts. The paradigmatic final decision disposes of all the claims and all the parties. In this case, Crowder still has claims pending, and, therefore, argue the appellees, the judgment below is not final. Appellees further contend that the order denying the award of attorney's fees is interlocutory because the underlying litigation has not concluded, and that permitting this appeal will promote piecemeal litigation as the issue of fees could arise again, after judgment on Crowder's claims, based on the same legal and factual considerations.

The Supreme Court has explained that the purpose of 28 U.S.C. § 1291:

> is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal.

*Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). Nevertheless, the Court stated that certain decisions, although technically not falling within the class of final decisions, are appealable if they fall within that small class of decisions "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole

case is adjudicated. The Court has long given this provision of the statute this practical rather than a technical construction." *Id.*, 69 S.Ct. at 1225–26.

The collateral order doctrine derived from *Cohen* applies in many factual settings, *see* 9 *Moore's Federal Practice* 110.-13, and it is appropriate here.

■ The litigation involving the claims of Miller and Maddox is at an end. There is nothing more to be decided in the underlying litigation. They can hope for no further relief.[1] In fact, their complaint, in accordance with the injunction, has been dismissed with prejudice. Similarly, the issue of attorney's fees for their prosecution of the constitutional claims is concluded. The attorney's fees are not contingent on the outcome of Crowder's pending suit, nor can Crowder's suit change the injunctive relief obtained by Miller and Maddox.

Thus, the decision appealed is "separable from, and collateral to, [the] rights asserted in the [underlying] action" as it does not turn on any further adjudication of the merits of the underlying dispute. As is clear from our discussion below, the payment of attorney's fees for suits brought for the vindication of constitutional rights is too important to be denied review. Furthermore, given the practical application of the doctrine, we also conclude that the issue of attorney's fees for claims completely adjudicated, with no possibility of further litigation over the underlying merits or the fees, is "too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1226.

■ Appellees raise a number of arguments, none of which persuades us. First,

---

1. The court was informed at oral argument that appellant B. Mae Miller had died, and counsel filed a motion, pursuant to Fed.R.App.P. 43, informing the court of Miller's death. No request for substitution was made.

Although Fed.R.App.P. 43 does not expressly provide for dismissal of an appeal where no request for substitution is made, by analogy to Rule 25(a) of the Federal Rules of Civil Procedure, we have an implied power to dismiss the appeal. *Gamble v. Thomas*, 655 F.2d 568 (5th Cir.1981);* 16 Wright, Miller & Cooper, *Federal*

*Practice and Procedure* § 3989 (1990 supplement). Here, the only relief at issue is injunctive relief, and that relief will be unaffected by the dismissal of Miller's appeal. Furthermore, appellant Maddox continues to prosecute the case. Accordingly, although we dismiss Miller's appeal, this action continues unaffected.

* The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

they contend that absent a determination from the district court under Fed.R.Civ.P. 54(b) that an issue may be appealed immediately, there is no appealable final judgment where fewer than all the claims of all the parties have been adjudicated. While it is true that a district court may direct "the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon the express determination that there is no just reason for delay and upon an express direction for entry of judgment ...," Fed.R.Civ.P. 54(b), the absence of a Rule 54(b) determination does not mean that a decision of the district court is not a collateral order within the meaning of *Cohen.*

Second, appellees attempt to characterize the application for fees as an "interim" request. The word *interim* suggests that further fees may be requested. In fact, however, no further fees will be requested for the prosecution of Miller and Maddox's constitutional claims as their case is at an end. Furthermore, attorney's fees have been waived as to litigation of Crowder's constitutional and common law claims thus far. Appellees rely on *Ray v. The Florida Cabinet,* 845 F.2d 311 (11th Cir.1988) to argue that there is no right to appeal the denial of the "interim" fees. Distinguishing between a request for fees before a party has prevailed on some aspect of his claim and after a party has prevailed, the *Ray* court stated that an interim application for attorney's fees would not be considered "separate and collateral to the litigation on the merits" unless the party "has established his entitlement to some relief on the merits of his claims...." *Ray,* 845 F.2d at 313 (quoting *Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1494 (11th Cir.), *vacated in non-pertinent part,* 804 F.2d 1573 (1986), and *Hanrahan v. Hamp-*

*ton,* 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (per curiam)). Thus, even assuming arguendo that this was an interim application, the dicta of *Ray* would permit an appeal, as here the plaintiffs established and obtained their "entitlement to some relief on the merits of [the] claim...." [2]

The nature of the complaint underscores the separability of the attorney's fee decision from any further litigation concerning Crowder's claims. The complaint has two separable parts, one relating to the constitutional claims common to all parties, the other relating to Crowder's tort claims. The only remaining overlap between the two portions of the case is the possibility that Crowder could continue to press a claim for money damages for the alleged constitutional violations. Such an action, however, is entirely collateral to the issue of attorney's fees for the vindication of constitutional rights obtained through the injunctive relief obtained.

While Crowder, with new counsel, may continue to pursue the litigation, and may apply for attorney's fees if successful, nevertheless we decline to hold appellants "hostage" to their former co-plaintiff. He is a "former" co-plaintiff because the appellants have dismissed their claims with prejudice and no longer have a suit pending below. In addition, there is no assurance that Crowder will continue to press his claims, thus raising the concern that successful plaintiffs would be thwarted in obtaining attorney's fees simply because a co-plaintiff continues to litigate matters of predominantly personal concern.[3] Accordingly, we conclude that this is not an interim fee request, but rather the final fee request for a separable unit of litigation that should not be deferred for appellate

---

2. Although we need not decide the issue today, we question the appellee's assertion that interim fees may not be recovered, which seems contrary to the teaching of the Supreme Court in *Texas State Teachers Ass'n v. Garland Indep. School Dist.,* where the Court stated: "Congress clearly contemplated that interim fee awards would be available 'where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail

on all issues.'" 489 U.S. 782, ——, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989).

3. We note that the last entry on the docket sheet from the district court pertaining to Crowder reflected his statement that he would not pursue his case for six months, his request ⌐t the court not contact him but appoint an attorney, and his conclusion that he would contact the court later.

consideration until Crowder's claims are finally adjudicated.

Having concluded that we have jurisdiction of this appeal under the collateral order doctrine, we turn to the merits of the dispute.

## ATTORNEY'S FEES UNDER 42 U.S.C. § 1988

In the instant case, the district court denied fees, ruling that Miller and Maddox were "not prevailing parties within the meaning of § 1988." Further, the district court stated that "[s]ince plaintiffs' alleged success was in fact marginal, justice does not warrant imposition of fees and expenses." Order at 11–12.

Title 42 U.S.C. § 1988 provides that in federal civil rights actions "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988; *see Hensley v. Eckerhart*, 461 U.S. 424, 426, 103 S.Ct. 1933, 1935, 76 L.Ed.2d 40 (1983). In *Eckerhart*, the Court noted that despite the "American Rule" that parties bear their own attorney's fees, Congress has decreed that in certain civil rights cases the district court is authorized to award fees to prevailing parties. The Court stated:

> the purpose of § 1988 is to ensure "effective access to the judicial process" for persons with civil rights grievances. Accordingly, a prevailing plaintiff " 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' "

461 U.S. at 429, 103 S.Ct. at 1937 (quoting legislative history quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)) (citations omitted).

We must, therefore, first determine whether the plaintiffs prevailed, and second decide whether any special circumstances render an award unjust.

### Prevailing Parties

Shortly before the district court issued its order, the Supreme Court, rejecting the "central issue" test previously applied in this circuit and the new Fifth Circuit, ruled that if the plaintiff has "succeeded on 'any significant issue in the litigation which achieve[d] some of the benefit the parties sought in bringing suit' the plaintiff has crossed the threshold to a fee award of some kind [as a prevailing party under § 1988]." *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, ——, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989).

The Supreme Court stated:

> [w]here the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*, a district court would be justified in concluding that even the "generous formulation" [for prevailing party status] we adopt today has not been satisfied. The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley*, not to the availability of the fee award *vel non*.

*Id.* at ——, 109 S.Ct. at 1493.

In this case, the complaint alleged constitutional violations relating to the AHA's obstruction of the use of its facilities by residents to advertise and hold religious gatherings in common areas that were available to other groups. The complaint requested declaratory judgment, damages, and injunctive relief. The injunctive relief prayed for was in part:

> [a] permanent injunction to require that Defendants cease interference with and discouragement of Plaintiffs' conducting of or participating in voluntary tenant prayer and Bible study sessions in common areas of the Plaintiffs' tenant building residence, from interfering with or discouraging Plaintiffs' posting notices concerning voluntary tenant prayer or Bible study meetings on the public bulletin boards and easel at the Plaintiffs' tenant building residence, and from interfering with or discouraging Plaintiffs' conducting of or participating in volun-

tary tenant religious observances of this Christmas holiday season;

[and] to remove Defendant Doris Alexander from any and all positions and duties of responsibility related to the management or operation of Plaintiffs' tenant building residence and from any further interference, discouragement, intimidation and harassment of Plaintiffs....

Complaint at 17.

The injunction issued by the district court provided the plaintiffs with significant success in achieving the injunctive relief sought. AHA was enjoined from interfering with the holding of group meetings, including Bible study, in common areas and from banning the posting of notices; in fact, the injunction put into place specific detailed procedures that guaranteed the plaintiffs access to meeting space and bulletin board access. Although Alexander was not removed from her position, the injunction effectively achieved the plaintiffs' purpose in requiring her to provide access to the common areas and bulletin board. This injunctive relief constitutes success on a significant issue which achieved some, if not most, of the relief sought by plaintiffs, notwithstanding the lack of declaratory judgment or damages.

None of the three factors the district court relied on in reaching its conclusion that Miller and Maddox were not prevailing parties, either alone or in combination, suffices to establish that they were not prevailing parties. The district court noted that: they "voluntarily dismissed with prejudice recognizing the court's doubts as to the pursuit of their claims ...;" the consent order was not an admission of guilt; and "plaintiffs' counsel was not court appointed, but took this case voluntarily, with full knowledge of its merits."

First, the fact that the plaintiffs' claims were dismissed with prejudice does not mean that they did not prevail. They agreed to dismissal only on the condition that the consent order be made a permanent injunction, and the permanent injunction was at least one significant form of relief sought. Moreover, once they had

achieved that measure of success, the plaintiffs were free to decide they had achieved sufficient relief. A plaintiff is, after all, the master of his or her suit. The fact that the district court had expressed "doubts as to the pursuit" of the plaintiffs' remaining claims is immaterial to the decision of the plaintiffs, who, having achieved substantial relief, decided to forego further litigation.

Second, although the consent order was not an admission of guilt, the plaintiffs were successful in obtaining permanent injunctive relief, expressly binding the AHA to the terms of the consent order guidelines and ordering the AHA to refrain from certain conduct (of which the plaintiffs had complained) and to do certain acts (which the plaintiffs had requested).

■ Third, the fact that plaintiffs' counsel was not court appointed is irrelevant to a determination of whether the plaintiffs prevailed. The purpose of section 1988 is to provide effective access to the courts for persons with civil rights grievances. It is not appropriate to inject into the analysis of a plaintiff's prevailing party status the fact that his counsel was privately retained.

■ We hold, as a matter of law, that Maddox and Miller were prevailing parties within the meaning of section 1988. We next turn to the fees to which the plaintiffs are entitled as the Supreme Court has declared: "If the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit' the plaintiff has crossed the threshold to a fee award of some kind." *Texas State Teachers Ass'n*, 489 U.S. at ——, 109 S.Ct. at 1493. Because we conclude that the plaintiffs succeeded in materially altering the legal relationship between themselves and the AHA through the injunctive power of the court, we rule that the degree of the plaintiffs' success goes to the amount of the fee, not the fee's availability.

*Special Circumstances*

The district court ruled alternatively that because the "plaintiffs' alleged success

was in fact marginal, justice does not warrant imposition of fees and expenses. *Goostree v. State of Tennessee*, 796 F.2d 854 (6th Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1374, 94 L.Ed.2d 689 (1987)." We disagree.[4]

In *Martin v. Heckler*, this court noted that although the fee statute does not specifically provide for an exception, "it is accepted jurisprudence that federal statutes which permit an award of attorney's fees to prevailing parties in selected litigation are subject to a special circumstances provision. Attorney's fees may be denied where 'special circumstances would render such an award unjust.'" 773 F.2d 1145, 1149 (11th Cir.1985) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983)). The district court "retain[s] a measure of discretion in applying the special circumstances exception, a doctrine founded in equitable concepts." *Id.* Nonetheless, "the judicially imposed [special circumstances] provision should be narrowly construed so as not to interfere with the congressional purpose in passing such statutes." 773 F.2d at 1150. Furthermore, the defendants "bear the burden of proving the existence of special circumstances, such decisions are reviewable and appellate courts have had no trouble reversing a denial of fees on the ground that the perceived special circumstances did not, in fact, exist in a given case. *Robinson [v. Kimbrough]*, 652 F.2d [458, 465 (5th Cir.1981)]; *Riddell v. National Democratic Party*, 624 F.2d [539, 545–46 (5th Cir.1980)]." 773 F.2d at 1150.

■ The only reason given by the district court for denying fees under the special circumstances exception (i.e., "justice does not warrant") was that the plaintiffs' success "was in fact marginal...." Order at 12. We have already decided as a matter of law that the plaintiffs prevailed on a significant issue in which they achieved some of the benefit sought. Accordingly, we conclude that the district court erred in its legal conclusion that the plaintiffs had achieved only minimal success and that the court abused its discretion in declining to award fees under the special circumstances exception.

AHA emphasizes that it has never admitted liability or been adjudged liable for a constitutional violation. Nonetheless, "[as long as a party actively prevailed through a settlement to vindicate its rights, no special circumstances justified a district court decision to deny fees to the prevailing party even though ... the defendants never admitted liability and there was nothing in the record to indicate that plaintiffs would have prevailed on the merits." *Riddell*, 624 F.2d at 544 (quoting *Criterion Club of Albany v. Board of Commissioners*, 594 F.2d 118, 120 (5th Cir.1979).

AHA also contends that special circumstances warrant the denial of attorney's fees because this suit in essence is nothing more than a tort claim for private money damages. While such a circumstance has on occasion provided an exception to the award of attorney's fees, *see Riddell*, 624 F.2d at 544 (collecting cases), we do not find it applicable on the facts of this case, as there is no longer any claim for fees for Crowder's tort claims.

In sum, the district court abused its discretion in finding that "justice does not warrant imposition of fees and expenses." Accordingly, we remand.

*Task on Remand*

■ In *Texas State Teachers Ass'n*, the Supreme Court, having determined that the plaintiffs were prevailing parties within the meaning of section 1988, remanded for reasonable fees to be awarded in light of the Court's decision in *Hensley v. Eckerhart*, where the Court discussed in great detail the proper method of calculating attorney's fees where the plaintiff has prevailed on less than all the claims. On the facts of the instant case, we find the following language from *Hensley* especially instructive:

Many civil rights cases will present only a single claim. In other cases the plain-

---

4. The district court's reliance on *Goostree* was misplaced, as *Goostree* concerned an application for *costs* pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920. Although there was a motion made pursuant to § 1988, the Sixth Circuit's holding concerned the availability of costs, not attorney's fees. 796 F.2d at 863–64.

tiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

461 U.S. at 435, 103 S.Ct. at 1940; *see Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1298–1306 (11th Cir. 1988) (applying *Hensley*). *Hensley* remains the proper standard, and we remand for the district court to award fees accordingly.

REVERSED and REMANDED.