52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, and
Bricklayers Local 21 of Illinois Apprenticeship
and Training Program, Plaintiffs-Appellees,
v.
Bernard McNEELA, Individually and d/b/a McNeela
Construction, Defendant-Appellant.
 No. 94-1617.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 15, 1994.
Decided April 17, 1995.
 
 Before COFFEY, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 In March 1994, Bernard McNeela, now deceased, appealed from a district court judgment granting Masonry Institute, Bricklayers Local 21 Pension Fund, and Bricklayers Local 21 of Illinois Apprenticeship and Training Program ("the Funds") summary judgment and ordering an accounting of whether Mr. McNeela owes the funds contributions under a collective bargaining agreement. Jurisdiction in the district court was based on Sec. 502(a)(3) and Sec. 502(g)(2) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1132(a)(3), 1132(g)(2), and Sec. 301(A) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Sec. 185(a). This court has jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 2
 Oral argument was scheduled for November 15, 1994. On November 4, Mr. John O. Tuohy, who was representing Mr. McNeela on appeal, notified the court of Mr. McNeela's death and filed a motion to strike oral argument. On November 10, the court denied Mr. Tuohy's motion. On November 15, Mr. Tuohy filed a suggestion of death and a motion for reconsideration of his motion to strike oral argument, arguing that, because of Mr. McNeela's death, he no longer had the authority to proceed with the appeal. That same day, Mr. Tuohy and the appellees appeared before the court for oral argument, as scheduled. After preliminary consideration of Mr. Tuohy's motion to reconsider, the court stated that it would take the motion under advisement and ordered the parties to proceed with oral argument.
 
 
 3
 On November 18, the court issued an order requiring the appellees to respond to Mr. Tuohy's motion to reconsider. In addition, the court ordered Mr. Tuohy to seek an answer from Mr. McNeela's estate as to whether he had the authority to proceed with the appeal. The order required Mr. Tuohy to file monthly status reports until he received an answer. Mr. Tuohy filed status reports on December 21, 1994, January 20, 1995, February 24, 1995, and March 23, 1995. These reports reveal that an estate has not yet been opened in Mr. McNeela's name. In addition, the McNeela's family attorney, Gabriel Kostecki, is apparently in the process of having Mr. McNeela's holographic will executed in Wales, Great Britain. The March 23 status report states that Mr. Kostecki "is in the process of preparing papers necessary to open an estate" for Mr. McNeela. The status report does not state where the estate will be opened or when the paperwork will be completed.
 
 
 4
 At present, no person or other entity represents Mr. McNeela's interests before this court. Neither Mr. Tuohy, Mr. McNeela's personal representative, nor any other party has filed a motion for substitution under Fed.R.App.P. 43(a).[1] To the best of our knowledge, Mr. McNeela currently has no estate and no personal representative. Under these circumstances, Rule 43(a) allows any party to "suggest death on the record and the proceedings shall then be had as the court of appeals may direct." As previously stated, Mr. Tuohy has filed a suggestion of death.
 
 
 5
 The court is concerned about the status of this appeal and wishes to resolve the matter in a just and expeditious fashion. However, unless a motion for substitution is filed within a reasonable time, Rule 43(a) gives us the authority to dismiss an appeal upon the death of an appellant. Cf. Green v. Watkins, 19 U.S. 260, 262 (1821) (at common law, "if the plaintiff in error dies before assignment of error, ... the writ abates"); Crowder v. Housing Authority of the City of Atlanta, 908 F.2d 843, 846 n. 1 (11th Cir.1990) ("Although Fed.R.App.P. 43 does not expressly provide for dismissal of an appeal where no request for substitution is made, ... we have an implied power to dismiss the appeal."). The suggestion of death was filed on November 15, and no motion for substitution has yet been filed. We will afford Mr. McNeela's successor(s) in interest 30 days to show cause why this appeal should not be dismissed. This order relieves Mr. Tuohy of the obligation to file any further status reports.
 
 
 
 [1]
 If a party dies during the pendency of an appeal, Rule 43(a) allows "the personal representative of the deceased party ... [to] be substituted as a party on motion filed by the representative or by any party."