694

**Hilarion T. VALDEZ, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 2007–3059.

United States Court of Appeals, Federal Circuit.

June 6, 2007.

———

Eufemia L. Valdez, pro se.

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

Eufemia L. Valdez notifies the court that her spouse, Hilarion T. Valdez, passed away on January 14, 2007 and moves to be substituted as petitioner. The Office of Personnel Management opposes.

Hilarion T. Valdez appealed OPM's 2006 determination that he was not entitled to an annuity. The Merit Systems Protection Board affirmed OPM's 2006 determination, noting that he was barred by collateral estoppel from relitigating the issue whether any of his service was covered because he previously litigated the issue in a 1990 Board decision concerning his previous application for an annuity. After he petitioned this court for review of the 2006 Board decision, he passed away.

Rule 43(a) of the Federal Rules of Appellate Procedure (FRAP) provides that when a party dies pending appeal his personal representative may be substituted for him on motion, if appropriate. "If the decedent has no representative, any party may suggest the death on the record, and the court of appeals may then direct appropriate proceedings." FRAP 43(a)(1).

The court requested that the parties provide any documentation that Mrs. Valdez can be substituted. Mrs. Valdez fails to provide any evidence in support of her motion. Therefore, Mrs. Valdez has failed to meet her burden of demonstrating that she should be substituted as petitioner.

While FRAP 43 does not expressly provide for the dismissal of an appeal or petition when no motion to substitute has been filed, the rule does confer an implied

power to dismiss when no proper substitute has come forward. *See Crowder v. Housing Auth. of the City of Atlanta,* 908 F.2d 843, 846 n. 1 (11th Cir.1990) (implied power to dismiss an appeal when no substitution has been made); *Gamble v. Thomas,* 655 F.2d 568, 569 (5th Cir.1981) (same).

Under these circumstances, we deem the best course is to dismiss the petition for review.

Accordingly,

IT IS ORDERED THAT:

(1) Eufemia Valdez's motion to be substituted as petitioner is denied.

(2) The petition for review is dismissed.

(3) Each side shall bear its own costs.