FILED
United States Court of Appeals
Tenth Circuit

December 19, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

XIANGYUAN ZHU,

     Plaintiff - Appellant,

v.

WILLIAM H. JOHNS,

     Defendant - Appellee.

No. 08-3070
(D.C. No. 5:07-CV-04001-KHV-KGS)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

     Plaintiff-Appellant Xiangyuan Zhu, proceeding pro se, appeals from the district court's order and separate judgment granting Defendant-Appellee Dr. John's motion to dismiss the amended complaint and an order denying Plaintiff's motions to add and amend findings of fact and to alter or amend the judgment. 1 R. Docs. 66, 67 & 75.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Plaintiff's appeal arises out of her 2007 action for damages against Defendant-Appellee William H. Johns, based on his alleged violations of RICO and the Civil Rights Act of 1964, which the district court dismissed as barred by res judicata because identical claims were brought in state court. 1 R. Docs. 66, 67. Subsequent to Plaintiff's filing a notice of appeal on March 12, 2008, Defendant's counsel filed a suggestion of death with this court advising that the Defendant died on May 19, 2008. Relying on Fed. R. App. P. 43(a)(1), we then ordered Defendant's counsel to advise as to the status of any personal representative. Defendant's counsel advised that no estate had been opened and no personal representative had been appointed given no probate assets. We then ordered Plaintiff to advise the court whether she intended to voluntarily dismiss the appeal, and if not, how she proposed the appeal go forward.

Plaintiff responded that, having given extensions of time to Defendant to file a response brief, the court should insist that a response brief be filed. Plaintiff nowhere indicated what steps she would take to secure a substituted defendant. Thereafter, counsel filed a motion to dismiss the appeal arguing that the absence of any state probate proceedings or any substituted party for Defendant should result in the appeal being dismissed. The court reserved judgment on the motion, a response brief was filed, and Plaintiff then filed a series of motions essentially challenging the authority of counsel and suggesting that she should prevail given the absence of a properly substituted defendant.

- 2 -

The motion to dismiss is dispositive. Plaintiff argues that (1) counsel has no standing to file a motion to dismiss, (2) the motion is untimely filed, and (3) in the event that the appeal is dismissed as moot that the district court's initial order be "erased." Fed. R. App. P. 43(a)(1) provides that, in the event of the death of a party after a notice of appeal has been filed or while a proceeding is pending in the court of appeals, "the decedent's personal representative may be substituted as a party on motion filed . . . by the representative or by any party." In the event that the decedent has no representative, "any party may suggest the death on the record, and the court of appeals may then direct appropriate proceedings." Fed. R. App. P. 43(a)(1). Rule 43(a) does not expressly instruct that the appeal should be dismissed when no motion for substitution is made within a reasonable time period set by the court of appeals; however, by analogy to Fed. R. Civ. P. 25(a), from which Rule 43(a) is derived, we dismiss the appeal "if substitution is not made within the time set by rule or by order of the court." Gamble v. Thomas, 655 F.2d 568, 569 (5th Cir. 1981); accord Fed. R. App. P. 43(a), advisory committee's note; Crowder v. Housing Auth. of Atlanta, 908 F.2d 843, 846 n.1 (11th Cir. 1990); 16A Wright, Miller & Cooper, Federal Practice and Procedure § 3989 (3d ed. 1999). Notwithstanding this court's order, Plaintiff never advised what steps she would take to secure a personal representative or substituted party. In sum, no party has been substituted in this case and no estate has been opened. Therefore, this court cannot grant relief to Plaintiff and, and pursuant to our

authority under Fed. R. App. P. 43(a), Plaintiff's appeal is

DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge