**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-2258

DANIELLE RANDLE,

            Plaintiff - Appellee,

      v.

H&P CAPITAL, INCORPORATED; GARY ROBERT HENRION; NOEL LOUIS
POOLER,

            Defendants – Appellants,

      and

MS. ROBERTS,

            Defendant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge.  (3:09-cv-00608-REP)

Submitted:  November 27, 2012        Decided:  March 5, 2013

Before MOTZ, KING, and WYNN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Steven R. Dunn, Dallas, Texas, for Appellants.  Dale W. Pittman,
LAW OFFICE OF DALE W. PITTMAN, P.C., Petersburg, Virginia; Owen

Randolph Bragg, HORWITZ, HORWITZ & ASSOCIATES, Chicago, Illinois, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

H&P Capital, Incorporated ("H&P"), Gary Robert Henrion, and Noel Louis Pooler appeal the district court's award of attorney's fees in this litigation brought by Danielle Randle pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.A. §§ 1692–1692p (West 2009 & Supp. 2012), and the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–559.785 (2010). We dismiss the appeal in part and affirm in part.

As an initial matter, counsel for Henrion has filed a suggestion of death, informing us of Henrion's death during the pendency of the appeal. We have informed the known survivor of the decedent and counsel for the parties of the need for substitution if the survivor or any personal representative of the decedent's estate desires the further prosecution of the appeal. Counsel and the survivor have not informed us of any such desire. Accordingly, pursuant to Fed. R. App. P. 43(a), we dismiss the appeal as to Henrion. Crowder v. Hous. Auth. of Atlanta, 908 F.2d 843, 846 n.1 (11th Cir. 1990); Gamble v. Thomas, 655 F.2d 568, 569 (5th Cir. Unit A Aug. 1981). Appellants H&P and Pooler, however, continue to prosecute the appeal, and we turn now to their challenges to the district court's fee award.

3

Randle's complaint alleged that H&P, Henrion, Pooler, and a Defendant identified as Ms. Roberts violated the FDCPA by leaving messages on her answering machine and telephone voicemail that failed to inform her the communications were from a debt collector and falsely implied that legal action had been taken and by willfully engaging in other conduct that could reasonably be expected to "abuse or harass." Randle brought the action on her own behalf and on behalf of three classes of Virginia residents who received similar messages from Defendants. She sought certification of the action as a class action, declaratory relief under the FDCPA, injunctive and declaratory relief under the FDCPA and FCCPA, statutory damages under the FDCPA and FCCPA, and attorney's fees, expenses, and costs under both acts. Prior to any class certification, however, the case settled. The parties agreed that Defendants would pay Randle $6,000 "in full and final settlement of all of her claims," plus attorney's fees incurred to prosecute her individual claims.

Counsel for Randle subsequently submitted requests for attorney's fees and costs totaling $89,083.69. See 15 U.S.C.A. § 1692k(a)(3) (mandating the payment of reasonable attorney's fees and costs to a successful consumer under the FDCPA). The district court referred the request to a magistrate judge

pursuant to 28 U.S.C.A. § 636(b)(1)(A) (West 2006 & Supp. 2012). The magistrate judge recommended that the district court award Randle $85,966.59 in fees and costs. The district court sustained Defendants' objection to the recommended award of attorney's fees to O. Randolph Bragg -- one of the two attorneys who represented Randle in the proceedings below -- in the amount of $9,090.00, adopted the recommendation except as to that recommended fee, and awarded Randle $76,876.59 in attorney's fees and costs.

"It is for the district court in the first instance to calculate an appropriate award of attorney's fees." Carroll v. Wolpoff & Abramson, 53 F.3d 626, 628 (4th Cir. 1995). "On appeal, this court has a duty to affirm an attorney's fee award which falls within the district court's broad discretion." Id. (internal quotation marks and alteration omitted).

As the district court recognized, its discretion in awarding attorney's fees is guided by the twelve factors first set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), and adopted by this court in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978). The Barber factors include such considerations as the time and labor required, the difficulty of the issues litigated, customary fees in similar situations, and the results obtained. These factors,

5

however, "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate[, $i.e.$, the lodestar]." Hensley v. Eckerhart, 461 U.S. 424, 434 n.9 (1983). "When . . . the applicant for a fee has carried his burden of showing that the claimed rate and number of hours [expended] are reasonable, the [lodestar] is presumed to be the reasonable fee contemplated" by the statute. Blum v. Stenson, 465 U.S. 886, 897 (1984). The FDCPA, however, "does not mandate a fee award in the lodestar amount," and the district court maintains the discretion to depart from it in appropriate circumstances. Carroll, 53 F.3d at 629.

The district court in this case explained its rationale for awarding the attorney's fee, discussing relevant Barber factors in concluding that Randle's counsel expended a reasonable number of hours and in calculating a reasonable hourly rate for their services. Appellants argue that the district court abused its discretion in awarding attorney's fees because the award fails to account for Randle's lack of success on her class claims and efforts to obtain non-monetary relief.[*] We reject this argument.

---

[*] As part of this argument, Appellants also argue that the district court erred by failing to "properly" consider the theory of proportionality and in failing to conduct an "analysis" of the claims on which Randle failed and the claim on which she prevailed in awarding attorney's fees. Appellants, (Continued)

6

The Supreme Court has noted generally that "the most critical factor in determining the reasonableness of a[n] [attorney] fee award is the degree of success obtained." Farrar v. Hobby, 506 U.S. 103, 114 (1992) (internal quotation marks omitted) (observing that a nominal damages award bears on the propriety of fees awarded pursuant to 42 U.S.C. § 1988 (2006)). Our precedents demonstrate that a "district court may decrease the amount of fees that might otherwise be awarded in order to account for the plaintiff's limited success." McDonnell v. Miller Oil Co., Inc., 134 F.3d 638, 641 (4th Cir. 1998) (citing cases). Randle's recovery in this case, however, was not nominal. Indeed, she was highly successful, settling "all of her claims" for $6,000, six times the maximum recovery amount permitted for individual actions under the FDCPA, 15 U.S.C.A. § 1692k(a)(2)(A), and the district court's fee award accounts for the work performed by Randle's attorneys in pursuing this successful outcome. Insofar as Appellants may be advancing an argument that evaluates the relative importance of the kinds of relief sought by Randle as a basis for overturning the district

_____

however, do not explain what a "proper" consideration would have entailed or how such an "analysis" would have aided the district court in this case. Moreover, it is clear from the record that the district court considered the fact that the parties agreed that Defendants would pay attorney's fees incurred to prosecute Randle's individual claims.

7

court's fee award, we reject their effort. See Mercer v. Duke Univ., 401 F.3d 199, 205 (4th Cir. 2005) (holding that courts evaluating the degree of success on the merits between successful and unsuccessful claims should not attempt to determine what the plaintiff would have thought the more important form of relief).

We also reject as meritless Appellants' challenges based on Randle's attorneys' evaluation of her case and the lack of any need for the participation of attorney Bragg. The challenge regarding the attorneys' evaluation of Randle's case is unexplained and not supported by any evidence of record. Further, Appellants' arguments regarding attorney Bragg fail to explain in any principled fashion how the district court abused its discretion in awarding fees for his work in this case. Finally, we reject as wholly without merit Appellants' argument that the district court abused its discretion in failing to "significantly reduce" -- by an unspecified figure -- the attorney fee awarded in this case on the bases that Randle did not prevail on her claims and her attorneys' allegedly "excessive" billing.

Accordingly, we dismiss the appeal in part and affirm the district court's judgment in part. We dispense with oral argument because the facts and legal contentions are adequately

8

presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART